Alice **KILVENTON**, Marietta Fugate, and Karen Oldham, et al., Appellants,

v.

**UNITED MISSOURI BANK,**
Trustee, Defendant,

**Missouri Highway and Transportation Commission, Respondent,**

**Mountain Plains Construction, Inc.,**
Third–Party Defendant,

and

**Brown Brothers Excavating, Inc.,**
Third–Party Defendant.

Nos. WD 47093, WD 47094, WD 47095 and WD 47097.

Missouri Court of Appeals,
Western District.

Sept. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1993.

Application to Transfer Denied Dec. 21, 1993.

John E. Turner, Kansas City, for appellants.

Judy L. Curran, Dist. Counsel, Kansas City, for respondent.

Before SPINDEN, P.J., TURNAGE, C.J., and FENNER, J.

SPINDEN, Presiding Judge.

On November 28, 1988, an explosion rocked southern Kansas City at a highway construction site after an arsonist set fire to trailers containing ammonium nitrate and fuel oil. Fire fighters James Kilventon, Michael Oldham, and Thomas Fry died fighting the fire. Their survivors filed wrongful death suits against several defendants, but this appeal involves only their claims against the Missouri Highway and Transportation Commission (MHTC).

MHTC filed a motion for summary judgment alleging that it was not liable to the fire fighters' survivors because (1) "the firemen's rule" prevented recovery; (2) MHTC did not retain control over the work activities of the independent contractors performing the work; (3) the fire fighters' exclusive remedy was workers' compensation; and (4) MHTC enjoyed sovereign immunity. The trial court granted MHTC's motion for summary judgment with no opinion or comment, and the survivors appeal. We reverse and remand for a trial.

In reviewing the granting of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corporation v. Mid-American Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993). If the judgment can be sustained under any theory, we must do so even if the trial court reached the correct result for the wrong reasons. *Zafft v. Eli Lilly and Company,* 676 S.W.2d 241, 243 (Mo. banc 1984).

Summary judgment is appropriate when the pleadings, depositions and admissions on file, together with any affidavits, show that no genuine issue of material fact exists and that the moving party is entitled to a favorable judgment as a matter of law. *Id.* at 244; Rule 74.04. "A 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory accounts of the essential facts. A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *ITT Commercial,* 854 S.W.2d at 382. If a trial court must overlook material in the record that raises a genuine dispute as to the facts to grant a summary judgment, then summary judgment is not appropriate. *Id.* at 378.

The fire fighters' survivors contend that the trial court erroneously granted summary judgment for MHTC based upon the "firemen's rule." We agree.

Under the "firemen's rule," a fire fighter injured while performing fire fighter duties cannot recover against the person whose ordinary negligence created the emergency. *Krause v. U.S. Truck Company,*

*Inc.*, 787 S.W.2d 708, 711 (Mo. banc 1990). " 'A fireman assumes . . . all risks incident to his firefighting activities except for hidden risks which are known by the landowner.' " *Id.* at 712 (citations omitted). Explosives are a good example of a hidden risk. *Anderson v. Cinnamon*, 365 Mo. 304, 282 S.W.2d 445, 448 (Mo. banc 1955) (overruled on other grounds by *Wells v. Goforth*, 443 S.W.2d 155 (Mo. banc 1969)).

> [T]he law does not compel firemen in fighting a fire to assume all possible lurking hazards and risks . . . ; it may not be said that a "fireman has no protective rights whatever." . . . As indicated, the majority of cases, including Anderson v. Cinnamon and other cases relied on by the appellant, recognizes certain modifications or exceptions to the general rules relating to land owners and firemen and it is these principles upon which the respondents rely,— "that an owner or occupant of premises which firemen enter upon in the discharge of their duty may be held liable to a fireman injured by a hidden danger on the premises, where the owner or occupant knew of the danger and had an opportunity to warn the firemen of it." . . . "[C]ertainly, no meritorious reason can be advanced to justify the view that a property owner, with knowledge of a hidden peril, should be allowed to stand by in silence when a word of warning might save firemen from needless peril. . . . Although firemen assume the usual risks incident to their entry upon premises made dangerous by the destructive effect of fire, there is no valid reason why they should be required to assume the extraordinary risk of hidden perils of which they might easily be warned."

*Bartels v. Continental Oil Company*, 384 S.W.2d 667, 669–70 (Mo.1964) (citations omitted).

■ Reviewing the record in the light most favorable to the fire fighters' survivors, we find genuine issues of whether the fire fighters were aware of the explosives at the site. The record indicates that the fire fighters had been warned that explosives were in the area, but the record is not clear whether they ever became aware that explosives were in the trailers.

Security guard Debra Riggs testified in her deposition that she informed the fire fighters that the trailers contained ammonium nitrate, fertilizer and diesel fuel. However, she told a police detective briefly after the explosion that blasting caps and fertilizer were typically stored in the trailers and that she did not know explosives were in the trailers. Before the explosion, she told fire fighter Dean Gentry that she and another security guard were trying to find out from the owner what was in the trailers.

■ Riggs' statements at the scene seem to indicate that she did not know what was in the trailers, and she, therefore, could not have warned the fire fighters of the trailers' contents. Her statements, although in conflict with her deposition, could be used to establish substantive evidence if she is available for cross-examination at trial. *Rowe v. Farmers Insurance Company, Inc.*, 699 S.W.2d 423 (Mo. banc 1985). Her statements, when considered as substantive evidence, present a genuine issue of material fact as to whether the fire fighters received an adequate forewarning concerning the hidden risk of explosives in the trailers.

Another security guard at the site, Riggs' brother Robert, testified in his deposition that he informed fire fighters of magazines containing dynamite and blasting caps away from the trailers and that diesel fuel and fertilizer were stored in the trailers. He testified that he did not know that ammonium nitrate was in the trailers. From the information given to them by Robert Riggs and from the lack of placards on the trailers, the fire fighters may have assumed that they had found the explosives about which they had been warned in the magazines south of the trailers. This could have lured them into proceeding to fight the trailer fires.

This causes us to conclude that a genuine dispute remains as to what warnings about the explosives, if any, the fire fighters received. We are unable to declare as a matter of law that the explosives were not a hidden danger and that the fire fighters had knowledge of them.

MHTC argues in the alternative that summary judgment was proper because its contractor, Brown Brothers Excavating, Inc., controlled the site. The fire fighters' survivors argue that this affords MHTC no protection because MHTC assumed for itself a duty to see that Brown Brothers implemented safety precautions.

MHTC's interest in the property was a temporary borrow easement for earth and materials for use in highway construction. Upon either the project's completion or the lapse of 10 years, the property was to revert back to United Missouri Bank as trustee for the original fee owners. MHTC awarded Brown Brothers the contract to construct a highway. Brown Brothers, in turn, hired Mountain Plains Construction, Inc., as a subcontractor to remove rock from the site. Mountain Plains hired Maynes Explosive Company to supply and to deliver explosives and blasting agents to the site.

MHTC argues that it fully relinquished possession and control of the site to Brown Brothers, so Brown Brothers had complete liability. Whether MHTC indeed fully relinquished possession and control is in dispute. Donald Grasty, MHTC's inspector for the site, testified in his deposition that his responsibilities "would have been limited to essentially safety ... signing, control of traffic and things of this sort." He said that his duties included ensuring "compliance with specifications, special provisions, plans, and other contract documents." He acknowledged that his responsibilities included ascertainment that warning signs were in their proper locations. No signs warning of the explosives were on the trailers.

■ If MHTC assumed an affirmative duty to implement safety precautions, by contract or conduct, it was liable for injuries caused by unsafe performance of the work if it negligently allowed the unsafe work to continue. *Werdehausen v. Union Electric Co.*, 801 S.W.2d 358, 364 (Mo.App.1990). A genuine issue of material fact remains as to whether MHTC assumed an affirmative duty to implement safety precautions at the job site.

MHTC asserts that the Workers' Compensation Act was the exclusive remedy for the deceased fire fighters and protects it from liability. We disagree. We first note that § 287.150, RSMo 1986, suggests that an employee or his or her dependents may sue a third party tortfeasor for injuries to, or death of, an employee. Because the parties do not address the statute's applicability, we do not resolve that issue. Even if the statute is not applicable, we discern genuine issues of material fact as to whether the "hidden danger" exception to the "firemen's rule" applies and whether MHTC maintained control over the construction site. The trial court, therefore, could not declare from the record before it that workers' compensation was the exclusive remedy for the fire fighters.

■ MHTC claims immunity from liability because of the doctrine of sovereign immunity. The survivors respond that sovereign immunity does not apply because a dangerous condition existed on the property and MHTC's agents had actual knowledge of it.

A governmental entity enjoys protection under sovereign immunity except for injuries arising out of the negligent operation of a motor vehicle by a public employee within the course of employment or injuries caused by the dangerous condition of a public entity's property. Section 537.600, RSMo 1986. To state a claim under the dangerous condition exception to sovereign immunity a plaintiff must demonstrate:

(1) [A] dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition that the public entity had actual or constructive notice of the dangerous condition.

*Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). The fire fighters' survivors allege that MHTC permitted a dangerous condition to exist on its property in that it allowed explosives to be stored in unmarked trailers.

■ A dangerous condition may be created by an intrinsic defect on the property or

"by the positioning of various items of property." *Alexander v. State,* 756 S.W.2d 539, 542 (Mo. banc 1988). In *Alexander,* a worker fell from a ladder while servicing an elevator in a state office building. The court held that the placement of the folding room partition at the base of the ladder was a "dangerous condition" and posed a threat to the worker.

 The premises in this case were dangerous because of the presence of explosives in unmarked trailers. Genuine issues of material fact exist concerning whether MHTC assumed responsibility for ascertaining that the appropriate signs and warnings were placed on the trailers and whether MHTC had actual or constructive knowledge of the dangerous condition. The trial court should not have granted summary judgment for MHTC on the grounds of sovereign immunity.

MHTC contends that summary judgment was also appropriate because of intervening criminal activity. The fire fighters' survivors contend that MHTC did not raise this contention to the trial court below, and, therefore, we should not consider it. However, as previously stated, if we can sustain a summary judgment under any theory, we must do so even if the trial court reached the correct result for the wrong reasons. *Zafft,* 676 S.W.2d at 243.

 MHTC argues that intervening criminal activity existed on the part of employees of Mountain Plains who were convicted for violating federal laws and regulations governing the storage of explosives at the construction site and on the part of unknown arsonists who set the fire. MHTC asserts that the explosion was the direct and proximate result of arson fires and that any causal chain between MHTC's alleged act of negligence and the death of the fire fighters was broken by the deliberate criminal acts of the unknown arsonists who started the fire at a trailer where explosives were improperly stored by Mountain Plains.

In *Gaines v. Property Servicing Company,* 276 S.W.2d 169 (Mo.1955), a plaintiff sued a property owner for not having fire escapes on a building. The defendant claimed that an arsonist set the building afire and such was an intervening cause which would defeat any subsequent claims. The Court held:

When defendant failed to provide a fire escape in compliance with the statute in question it could reasonably have foreseen that a fire might occur in the said building and that injury thereby might result to persons in or about the building.... On this record a jury could find that defendant's unlawful and negligent failure to provide a fire escape concurred with the intentionally set fire to cause the injuries, since there was substantial evidence that, except for the defendant's failure to provide a fire escape, plaintiff would not have been injured. The general rule is "that if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury."

*Id.* at 173–74 (citations omitted).

We conclude that a genuine issue of material fact remains as to whether or not the unmarked trailers were a hidden danger and whether MHTC had a duty to identify and warn of the danger on the site. If these contentions are found in favor of the fire fighters, then MHTC may be liable even though intervening criminal acts occurred. Summary judgment cannot be granted on the basis of intervening criminal acts.

The trial court erred in granting summary judgment in favor of MHTC. We reverse and remand for trial of the issues.

All concur.