Rose TRUMBO, Appellant,

v.

METROPOLITAN ST. LOUIS SEWER DISTRICT, et al., Respondents.

No. 64337.

Missouri Court of Appeals, Eastern District, Division Three.

May 31, 1994.

Charles E. Foehner, II, St. Louis, for appellant.

Paula Eckrich, Rabbitt, Pitzer & Snodgrass, Peter Joseph Dunne, St. Louis, for respondents.

SIMON, Presiding Judge.

Rose Trumbo, appellant, appeals the granting of summary judgment in favor of the City of University City and the Metropolitan Sewer District (MSD), respondents, in her wrongful death action against respondents for the death of her son, James Anthony ("Tony") Jackson Trumbo, decedent.

In her point on appeal, appellant asserts that the trial court erred in granting respondents' motion for summary judgment based upon a claim that appellant failed to state a cause of action upon which relief could be granted because she pled facts which bring her wrongful death action within the coverage of § 537.600 R.S.Mo 1986 (all statutory references hereafter shall be to R.S.Mo 1986), thus waiving the defendants' sovereign immunity and providing a means of relief in the case at bar.

On the afternoon of August 26, 1992, decedent, born February 1, 1980, decided to go to the River Des Peres in University City with K.C., E.F., L.S., and decedent's younger brother, Gregory. The River Des Peres collects rainwater into an open channel and discharges it into tunnels directing it to the Mississippi River. The River Des Peres follows a natural drainage area which in some areas has been improved with concrete channels. They went to an area adjacent to an open, concrete channel of the River Des Peres, and when they arrived, they found a garden hose attached to a tree near the channel. While holding onto the garden hose, decedent, K.C., E.F., and L.S. waded into the River Des Peres, which came up to their knees and had a strong current. The river was rising, and decedent tripped over a crack in the concrete channel, lost his grip on the hose, and grabbed E.F.'s waist, who subsequently lost his grip on the hose. Decedent, screaming "Help, help me," and E.F. were carried away by the current into a tunnel. At some point, K.C. and L.S. got out of the river. E.F. was later rescued from the River Des Peres, but on September 2, 1992, decedent was found dead there.

On October 1, 1992, appellant filed her petition for wrongful death against the respondents, alleging that decedent tripped and fell on a crack located near the River Des Peres, causing him to drown, and that respondents negligently and carelessly failed to have proper barricades, fencing, and warnings to prevent decedent from going into the area near the River Des Peres. In her first amended petition, appellant also alleged that respondents knew or should have known that the concrete near the tunnel was cracked, but negligently and carelessly failed to repair the same. In her second amended petition, appellant additionally alleged that respondents knew or should have known that the concrete along the riverbed was cracked and in a defective condition and that they negligently and carelessly failed to repair and warn of the same. On March 31, 1993, respondent MSD filed an affidavit by James Keating stating:

2. I am the Director of Maintenance for The Metropolitan St. Louis Sewer District (M.S.D.) and have been employed by M.S.D. for approximately 30 years.

3. I am familiar with the River des [sic] Peres and the areas from which it collects stormwater.

4. The purpose for which the River des Peres was designed was to prevent localized flooding by collecting stormwater and directing it to its eventual discharge into the Mississippi River and *not* to provide a play area for children.

\* \* \* \* \* \*

10. At the time of the alleged accident (on or about August 26, 1992) there were no physical defects in the River des Peres, including that portion where Plaintiff's son entered the River des Peres, which impaired the intended use of the channel for stormwater drainage or could have caused the alleged accident.

11. The cracks [appellant] refers to in ... her petition are expansion joints designed to allow weather related expansion and contraction and do not constitute a defective condition of the River des Peres.

12. The River des Peres drainage channels are on private property and are not open to the public. There are no walkways allowing access to the area for the public.

In her third amended petition filed on April 9, 1993, she stated in her first count in pertinent part:

\* \* \* \* \* \*

4. That on or about August 26, 1992, [decedent] slipped and fell on a crack located near River Des Peres and fell into said River Des Peres, causing him to drown.

5. That [respondents] were negligent in the following respects:

a) [Respondents] negligently and carelessly failed to have warning signs posted to warn the [decedent] and others like him, from going into said area.

b) [Respondents] knew or should have known that the concrete near the tunnel was cracked, but negligently and carelessly failed to repair same.

c) [Respondents] knew or should have known that concrete along the riverbed was cracked and in a defective condition and negligently and carelessly failed to repair same.

d) [Respondents] knew or should have known that the concrete at the location where the [decedent] fell, was cracked and [respondents] negligently and carelessly failed to repair same and to warn of same.

6. That there were aggravated circumstances attending the death, in that [respondents] knew that children played in the area and that [respondents] knew that other children had drowned and/or were injured in the same area, but negligently and carelessly failed to make any repairs or modifications at all to insure safety for the children in the area.

In her second count of her third amended petition, she stated in pertinent part:

2. ... [respondents] knew or had information from which [respondents] knew or should have known in the exercise of ordinary care, that children would be exposed to the river.

3. [Respondents] knew or should have known that the river presented an unreasonable risk of harm to children exposed to it.

4. That children such as [decedent] ... because of their youth, did not appreciate the risk of harm associated with the river.

5. That [respondents] failed to prevent children such as [decedent], from being exposed to such harm.

6. That the [respondents] were thereby negligent, causing [decedent] to die.

On June 9, 1993, MSD filed its motion for summary judgment, which stated:

1. Plaintiff fails to state a cause of action upon which relief can be granted.

2. MSD is not subject to suit upon such cause of action as may be determined to be so stated in Plaintiff's petition because:

(a) It is a political subdivision of the State of Missouri exercising governmental functions only and is not subject to suit upon any tort action; and

(b) There are no facts bringing any such cause of action within the exceptions to or waiver of sovereign immunity as set forth in R.S.Mo Section 537.600.

On June 21, 1993, University City joined MSD's summary judgment motion.

On June 28, 1993, appellant filed her response to respondents' summary judgment motion stating:

> 1. ... [E.F.] indicated that he was holding onto a hose and was standing near the bank and that the deceased was holding the end of the hose and that [E.F.] tripped and fell due to a crack in the bed of the River Des Peres....
>
> 2. ... [K.C.] also gave a deposition and indicated that he told a reporter at the scene that the boys, including the deceased, tripped on the crack.
>
> 3. [Appellant] herewith attaches, by reference, the Affidavit of [appellant].
>
> 4. ... the Motion of [respondents] for a Summary Judgment on the same issues as previously ruled on and denied by this Court and that this is repetitious and burdensome and made simply to cause undue timely expense on the part of the [appellant].

The record on appeal contains an affidavit by appellant filed on December 8, 1992 stating:

> COMES NOW [appellant] and first being duly sworn states that she is [of] lawful age and that to her knowledge, that in the exact area where her son entered the sewer, it was known that children came down to the river, played by the river and in fact, other children had been injured in the exact location where her son was injured and that this has occurred for many years, in that the sewer district knew or should have known that children played in this area but failed to do anything to prevent them from entering the area or drowning.

On June 29, 1993, the trial court granted respondents' motion for summary judgment without indicating its reasons for the grant.

When considering appeals from summary judgments, we will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376[1] (Mo. banc 1993). We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* at 376[3]. The burden on a summary judgment movant is to show a right to judgment flowing from the facts about which there is no genuine dispute. *Id.* at 378[9]. Summary judgment tests simply for the existence, not the extent, of genuine disputes. *Id.* Rule 74.04(e) states:

> .... When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against [him].

Under § 537.600.1, a public entity, which includes respondents, is afforded sovereign immunity from tort actions. See *Hummel v. Metropolitan St. Louis Sewer District*, 782 S.W.2d 451 (Mo.App.1990); *Kurz v. City of St. Louis*, 716 S.W.2d 911 (Mo.App.1986). However, under § 537.600.-1(2), sovereign immunity is waived for injuries caused by the dangerous condition of a public entity's property. Section 537.600.1(2) requires a plaintiff to allege facts that demonstrate: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 834–35[2] (Mo. banc 1985). The provision waiving sovereign immunity must be strictly construed so that it is limited to a defect in the physical condition of public property. *Id.* at 835[3]. Additionally, the provision concerning a dangerous condition does not include public property which is not physically defective but may be the site of injury as a result of misuse or other intervening acts. *Stevenson v. City of St. Louis School District*, 820 S.W.2d 609, 612[10] (Mo.App.1991).

Here, appellant alleged in the first count of her third amended petition that: decedent slipped and fell on a crack located near River Des Peres and fell into said River Des Peres, causing him to drown; respon-

dents negligently failed to warn decedent; they knew or should have known that the concrete at the location where decedent fell was cracked and negligently and carelessly failed to repair same and to warn of same; and respondents negligently failed to make any repairs or modifications at all to insure safety for the children in the area. In her second count, she alleges that: respondents knew or should have known that the river presented an unreasonable risk of harm to children exposed to it; decedent and other children because of their youth did not appreciate the risk of harm associated with the river; and that respondents negligently failed to prevent children such as decedent from being exposed to such harm, causing decedent to die.

The record indicates that MSD filed an affidavit by James Keating, MSD's Director of Maintenance, stating that: at the time of the alleged accident (on or about August 26, 1992) there were no physical defects in the River Des Peres, including that portion where decedent entered the River Des Peres; and the cracks appellant refers to in her petition are expansion joints designed to allow weather related expansion and contraction and do not constitute a defective condition of the River Des Peres.

The record shows that appellant did not file an affidavit or present any other evidence countering Keating's affidavit, thus, the facts in his affidavit are deemed admitted, and there is no genuine issue of material fact concerning the dangerous condition of the River Des Peres. See 74.04(e); *Hummel*, 782 S.W.2d at 453[2]. Because appellant failed to counter the affidavit, she admitted there was no defect in the concrete at the location where decedent fell. Further, her other allegations do not raise a dangerous condition. Therefore, the trial court did not err in granting respondents' motion for summary judgment. See *Kanagawa*, 685 S.W.2d at 835[2, 3]. Point denied.

Judgment affirmed.

PUDLOWSKI and KAROHL, JJ., concur.