**STATE of Missouri, Relator.**

v.

**The Honorable Michael GODFREY, Circuit Judge, St. Louis County Circuit Court, Respondent.**

No. 66232.

Missouri Court of Appeals, Eastern District. Writ Division Six.

Sept. 13, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Alana M. Barragan–Scott, Asst. Attys. Gen., Jefferson City, for relator.

John Malec, Heidi L. Leopold, St. Louis, for respondent.

AHRENS, Presiding Judge.

Relator, State of Missouri, invokes sovereign immunity and seeks a writ of prohibition preventing respondent judge from exercising jurisdiction in the underlying action and requiring respondent to vacate his order overruling relator's motion to dismiss. The plaintiffs' amended petition alleges a dangerous condition at a juvenile facility operated by the State of Missouri which resulted in the wrongful death of a youth housed at the facility.

Where it appears on the face of the pleadings that defendant is immune from suit as a matter of law, prohibition is the appropriate remedy "to forbear patently unwarranted and expensive litigation, inconvenience and waste of time and talent." *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443,

444 (Mo. banc 1986); *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184, 187 (Mo. banc 1985). Where a defendant is clearly entitled to immunity, it is not necessary to wait through a trial and appeal to enforce that protection. *State ex rel. Bd. of Trustees v. Russell,* 843 S.W.2d 353, 355 (Mo. banc 1992). We hold that relator is immune as a matter of law in the underlying cause of action, and therefore, our preliminary order in prohibition is made absolute.

Relator is a defendant in a lawsuit filed in the Circuit Court of St. Louis County by plaintiffs, Robert R. Davis, II, and Christine T. Davis, husband and wife, and Robert R. Davis, II, as personal representative of the estate of Scott Davis, deceased. Plaintiffs' amended petition seeks damages from relator State of Missouri, and defendants Eric Grieble, James Draude, John Surgener, and Margaret Wallace [1] for the wrongful death of their son, Scott Davis. In their amended petition, plaintiffs allege on November 30, 1989, Scott was struck on a highway in St. Louis County by a car driven by defendant Wallace, and later died of his injuries. Scott, age 15, had been committed by court order on September 14, 1989, to the Missouri Department of Social Services, Division of Youth Services. Scott was living at Babler Lodge, a Youth Services facility, when he ran away. Plaintiffs allege relator State of Missouri and defendants Greible, Draude and Surgener were negligent in their duty to care for and supervise their son. Moreover, plaintiffs allege relator negligently permitted a dangerous condition to exist at its juvenile facility, thereby directly and proximately resulting in Scott's death, in conjunction with the concurrent negligence of defendant Wallace.

Relator filed a motion to dismiss plaintiffs' amended petition asserting the protection of sovereign immunity and that plaintiffs should not be allowed to recover for injuries their decedent received while committing a wrongful or illegal act. The trial court denied relator's motion and relator sought from this

---

1. Defendant Draude has been dismissed as entitled to official immunity. Defendants Grieble and Surgener have never been served with process, nor have they waived service or otherwise appeared in this matter.

Court a writ of prohibition on the same grounds.

■ Babler Lodge, the juvenile facility where Scott was living, is a Division of Youth Services facility under the Missouri Department of Social Services. The parties in this action agree the Division of Youth Services is a subdivision of the state. A public entity enjoys protection under sovereign immunity except for injuries arising out of the negligent operation of a motor vehicle by a public employee within the course of employment or injuries caused by the dangerous condition of a public entity's property. § 537.600 RSMo 1986; *Kilventon v. United Missouri Bank,* 865 S.W.2d 741, 745 (Mo.App.1993).

■ To state a claim under the dangerous condition exception to sovereign immunity, a plaintiff must allege facts which show:

1) a dangerous condition of the property;
2) that the plaintiff's injuries directly resulted from the dangerous condition;
3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and
4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition.

§ 537.600.1(2) RSMo 1986; *Kanagawa v. State by and through Freeman,* 685 S.W.2d 831, 834–35 (Mo. banc 1985). A dangerous condition may be created by an intrinsic defect on the property or "by the positioning of various items of property." *Kilventon,* 865 S.W.2d at 745–46, (*citing Alexander v. State,* 756 S.W.2d 539, 542 (Mo. banc 1988)). The term 'dangerous condition' has a narrow meaning and refers exclusively to defects in the physical condition of the public entity's property. *Kanagawa,* 685 S.W.2d at 835; *Twente v. Ellis Fischel State Cancer Hosp.,* 665 S.W.2d 2, 11–12 (Mo.App.1983). The statutory provisions which waive a public entity's sovereign immunity must be strictly construed. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 868 (Mo. banc 1983).

In determining whether plaintiffs have stated a claim under the dangerous condition exception, we construe plaintiffs' petition liberally, accepting as true all properly pleaded factual allegations. *State ex rel. City of St. Louis v. Ryan,* 776 S.W.2d 13, 15 (Mo. banc 1989). We accept as true plaintiffs' factual allegations asserting the screens, locks and fences at the facility were defective. In addressing this point, relator argues the present case is analogous to *Kanagawa,* 685 S.W.2d at 834. In *Kanagawa,* plaintiff was kidnapped, assaulted, and raped by an escaped prison inmate. She alleged the prison property was maintained in a dangerous condition because its surrounding fences were inadequate to prevent escape and the prison's gate was left unsecured. *Id.* at 835. Our Supreme Court in *Kanagawa* rejected the contention that inadequate supervision, inadequate fencing and security by the state created a dangerous condition. *Id.* at 835.

■ In the present case, the defects alleged by plaintiffs go beyond mere allegations of inadequate supervision and security by the juvenile facility. Unlike *Kanagawa,* the factual allegations in the amended petition do aver defects of faulty maintenance of the screens, locks and doors. *See Kanagawa,* 685 S.W.2d at 835; *Johnson v. City of Springfield,* 817 S.W.2d 611, 614 (Mo.App. 1991). We conclude plaintiffs have alleged a dangerous condition existed at the juvenile facility under the first element of the waiver statute.

■ However, plaintiffs' claim fails to establish the third element for waiver of sovereign immunity: "that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred." § 537.600.1(2). To state a claim under § 537.600.1(2), a plaintiff "must allege more than that a public entity's property in some remote way presaged the commission of a tort by another party." *Kanagawa,* 685 S.W.2d at 835. The condition must be "dangerous because its existence, without intervention by third parties, posed a physical threat to plaintiff." *Johnson,* 817 S.W.2d at 614 (quoting *Alexander v. State,* 756 S.W.2d 539, 542 (Mo. banc 1988)).

Plaintiffs assert Scott's death as a result of an automobile accident after his escape from the facility was a reasonably foreseeable risk

of harm. Scott, who was 15 years old at the time of his death, ran away from the juvenile facility at approximately 10:00 p.m. on November 29, 1989,[2] and was struck by an automobile driven by defendant Wallace at approximately 5:50 a.m. the next morning. Plaintiffs' petition fails to allege facts which show that it was the dangerous condition of the defective screens, locks and fences which created a reasonably foreseeable risk of harm of Scott being hit by a car. Moreover, plaintiffs cannot establish that Scott's death by being struck by a car was a reasonably foreseeable risk of harm created by the relator's property defects. The existence of the defects did not pose a physical threat of harm of the kind of injury which was incurred here.

In strictly construing the statutory provisions waiving relator's sovereign immunity, *Alexander*, 756 S.W.2d at 542, we conclude that the dangerous condition of the defective screens, locks and fences did not create a reasonably foreseeable risk of harm of the kind of injury incurred here.

Our preliminary order in prohibition is therefore made absolute.

GRIMM, C.J., and CRANDALL, J., concur.

**2.** A typographical error contained in the plaintiffs' amended petition regarding this date was corrected by stipulation of the parties at oral argument.