STATE of Missouri, ex rel., ST. LOUIS STATE HOSPITAL, and Rebecca White, Relators,

v.

The Honorable James R. DOWD, Presiding Judge of the Circuit Court of St. Louis City, Missouri—Division 1, Respondent.

No. 68488.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 15, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1995.

Application to Transfer Denied Nov. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Christine A. Alsop, Asst. Atty. Gen., St. Louis, for relators.

Terry A. Bond, Vines, Frankel, Rubin, Bond & Dubin, P.C., Clayton, for respondent.

SIMON, Judge.

Relators, State of Missouri, St. Louis State Hospital, and Rebecca White, invoke sovereign immunity and official immunity seeking a writ of prohibition preventing respondent from exercising jurisdiction in the underlying action. Relators are defendants in the action filed by plaintiff, Donald Leonard Hopkins (Hopkins), alleging a dangerous condition of a paper shredder at a hospital, operated by the State of Missouri, which resulted in the loss of four fingers of his left hand.

In his amended petition, Hopkins alleged that he was a patient and part-time worker for the Work Therapy Department at St. Louis State Hospital, under the supervision

of Rebecca White (White). At approximately 9:30 a.m. on May 18, 1994, Hopkins was cleaning out a paper shredder owned by St. Louis State Hospital. While Hopkins was cleaning the shredder, White turned the shredder on and hit two buttons, which caused the shredder to reverse and take hold of Hopkins' left hand. After the shredder took hold of his hand, White panicked and failed to turn the shredder off for five or six minutes. As a result, Hopkins lost four fingers of his left hand and seeks damages from Relators for his loss.

Hopkins alleged that the Work Therapy Department had the following policies regarding the maintenance of its paper shredders: (1) unplug the paper shredder from the electrical outlet each night; (2) clean the shredder out at the end of each day; (3) turn the control key to the "off" position, which has the same effect as turning the machine off even if it were plugged into an electrical socket; (4) an employee of the State Hospital be present at all times when a patient is operating the shredder. These policies were also adopted by the St. Louis State Hospital and the State of Missouri. Hopkins claimed that Relators were negligent in their duty to supervise him and that they allowed a dangerous condition to exist when White turned the shredder on while Hopkins was cleaning out the shredder, thereby causing Hopkins to lose four fingers from his left hand.

Hopkins alleged that the State of Missouri owns, operates and controls St. Louis State Hospital through the Missouri Department of Mental Health. He further alleged that White was an employee of the State of Missouri through St. Louis State Hospital and was acting within the course and scope of her employment supervising Hopkins. Relators filed a motion to dismiss Hopkins' amended petition asserting the protection of sovereign immunity and official immunity. The trial court denied Relators' motion and they sought a writ of prohibition from this Court on the same grounds.

■ Prohibition is the appropriate remedy where it appears on the face of the pleadings that the defendant is immune from suit as a matter of law in order to avoid unwarranted and costly litigation. *State v. Godfrey*, 883 S.W.2d 550, 551[1] (Mo.App.E.D.1994). If the defendant is clearly entitled to immunity, it is not necessary to proceed through trial and appeal to enforce that protection. *Id.* at 551[2].

■ A public entity is immune from suit except for injuries arising out of the negligent operation of a motor vehicle by a public employee within the course of employment, or caused by the dangerous condition of a public entity's property. § 537.600 R.S.Mo. 1994; *Godfrey*, 883 S.W.2d at 552[3]. To state a claim under the dangerous condition exception, Hopkins must allege facts which show: (1) a dangerous condition of the property; (2) his injuries directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of harm of the kind he incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Id.* at 552[4]. The term dangerous condition for the purposes of exception to sovereign immunity has a narrow meaning and refers to defects in the physical condition of the public entity's property. *Id.* at 552[6]. A dangerous condition may be created by a defect in the property, or "by the positioning of various items of property." *Id.* at 552[5].

■ We construe Hopkins' petition liberally, treating all properly pleaded factual allegations as true. *Godfrey*, 883 S.W.2d at 552[7]. Here, Hopkins essentially pleads that the actions of White created a dangerous condition. To be actionable, the paper shredder's condition must be dangerous because its existence without intervention of third parties, posed a physical threat to plaintiff. *Id.* at 552[9]. The paper shredder by itself was not a threat to Hopkins but only became a threat when White pushed buttons activating it. Therefore, Hopkins has not alleged the dangerous condition exception to sovereign immunity.

Hopkins alleged that White was negligent in turning on the paper shredder while his hand was underneath it, and in failing to turn the shredder off for five or six minutes after his hand was pulled into it. Our conclusion that the State and St. Louis State Hospital

are immune from suit does not foreclose the possibility that White may be held responsible for the injuries sustained by Hopkins.

■■■ It is well established that public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but may be held liable for torts committed while acting in a ministerial capacity. *Kanagawa v. State by and through Freeman,* 685 S.W.2d 831, 835[6] (Mo. banc 1985). A discretionary act requires the exercise of reason in conforming means to an end, and sound judgment to determine how or whether an act should be done. *Id.* at 836[7]. A ministerial act involves the clerical duties which the public official is required to perform upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion as to the propriety of the act to be performed. *Id.* at 836[8]. Applying the aforesaid principles to the present facts as set forth in the pleadings, it is clear that White's actions were discretionary. There is nothing in the record to support a finding that White was required to act or perform in a specific manner without regard to her own judgment when Hopkins' hand was in the shredder.

Relators also contend that White is immune from suit under the public duty doctrine. In light of the above, we shall not address this issue.

We hold that respondent exceeded his jurisdiction in denying Relators' motion to dismiss. Therefore, the preliminary order in prohibition is made absolute.

GRIMM and WHITE, JJ., concur.