Nina and Marisa FONSECA, Appellants,

v.

Tyrone L. COLLINS, et al., Defendants,

Thomas Roberson and City of
Raytown, Respondents.

No. WD 48834.

Missouri Court of Appeals,
Western District.

July 26, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Oct. 25, 1994.

John C. Milholland, Harrisonville, for appellants.

Robert O. Jester, Kansas City, for respondent Thomas Roberson.

Gardiner B. Davis, Kansas City, for respondent City of Raytown.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

This case arises out of a wrongful death action as a result of the death of Susanna

Fonseca, who was killed in a vehicular collision in Kansas City on September 30, 1990. Nina and Marisa Fonseca ("plaintiffs"), children of the deceased, appeal from the trial court's grant of summary judgment in favor of Thomas Roberson and City of Raytown ("defendants").

Judgment is affirmed.

The following uncontradicted facts were set forth by officer Thomas Roberson, a Raytown policeman, in his deposition testimony considered in connection with the motion for summary judgment. At about 10:00 p.m., on September 30, 1990, Officer Roberson was stopped in his patrol car at 63rd Street and Arlington watching for traffic or ordinance violations and also watching the business district for any unusual activity. The businesses located in the area where Officer Roberson was patrolling had experienced problems with break-ins. Officer Roberson observed a light-colored Chevrolet Caprice coming out from behind a shopping strip mall. All the businesses on the strip were closed at the time. Three young males occupied the automobile. As the vehicle exited the parking lot, the officer observed that the vehicle didn't have any front or rear license plates [1] and he noticed that the occupants of the vehicle stared at him in an "exaggerated manner." Officer Roberson began to follow the vehicle, and he noted that the occupants kept turning around looking at him. He observed the passenger in the rear seat bending down, and it appeared to Roberson that he might have been hiding something under the seat. Officer Roberson concluded it was possible that either the three young men were in a stolen vehicle or had been attempting to break into one of the businesses. Officer Roberson continued to follow the vehicle down 63rd Street without activating any emergency equipment. Finding an area to make a safe stop, the officer activated his emergency lights. After the lights were activated, the driver of the Chevrolet stuck his arm out the window and made a motion as if he were trying to wave the officer around him. In response, the officer turned on his spotlight and shined it on the car in order to inform the occupants of the vehicle in question that he was attempting to stop them. He also activated his siren. The vehicle did not stop.

The vehicle began heading towards Kansas City. Before it left the jurisdiction of Raytown, Officer Roberson sought permission to follow the vehicle outside the jurisdiction in accordance with the rules of the City of Raytown police department. At that point, Roberson had not received a response from his sergeant granting him authorization to pursue the vehicle past the jurisdiction of Raytown, but the officer continued to follow the car. As the Chevrolet entered the entrance ramp for 350 Highway, the car increased its speed. The officer continued to follow the vehicle, driving about 55 miles per hour, and continued to seek permission for the pursuit. Officer Roberson decided to discontinue pursuit of the vehicle at Eastwood Trafficway because the traffic had become more congested, he had lost sight of the vehicle, and he wasn't sure whether he had been authorized to pursue the vehicle. Officer Roberson continued down the road looking for a place to turn around. Before finding a place to turn around, Roberson came upon an accident involving the vehicle that he had been pursuing. The occupant of the other car involved in the collision had been killed. Officer Roberson stayed with the three occupants of the vehicle until backup arrived.

The children of Susanna Fonseca, the deceased driver of the other vehicle, brought a wrongful death action against the three occupants of the car, Officer Roberson and the City of Raytown. The trial court granted summary judgment in favor of Officer Roberson and the City of Raytown. Plaintiffs appeal from this judgment.

*Official Immunity*

Plaintiffs contend that the trial court erred in entering summary judgment in favor of defendants on the ground that they had official immunity. Plaintiffs argue that political subdivisions of the state, namely the City of Raytown, cannot have official immunity, and

---

1. Although Officer Roberson could not see any license plates on the car, he later learned that the car did have a temporary registration paper in the window.

that individuals who are public employees cannot have official immunity for the violation of duties which are not discretionary.

In determining whether summary judgment was appropriate in this case, we must remember that if the trial court reaches a correct result in an order of summary judgment, we must affirm, even if the trial court reached the result based on incorrect reasons. *Delaney v. Meiners*, 842 S.W.2d 565, 567 (Mo.App.1992). As a governmental officer, a police officer has the benefit of official immunity, which shields the officer from liability for torts arising out of discretionary acts. *Hagedorn v. Adams*, 854 S.W.2d 470, 476 (Mo.App.1993). The officer is liable for negligently performing ministerial acts. *Id.* Whether an act is discretionary or ministerial depends upon the degree of reason and judgment required. *Id.* Discretionary acts require "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued." *Kanagawa v. State*, 685 S.W.2d 831, 836 (Mo. banc 1985). Ministerial acts are "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id.*

> The official immunity doctrine serves an important function in our society. Courts and legal commentators have long agreed that society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business. "If an officer is to be put in fear of financial loss at every exercise of his official functions, manifestly the interest of the public will inevitably suffer from the too complacent attitude thus engendered."

*Id.* (citations omitted). The issue of whether a governmental official is protected from liability by official immunity must be decided on a case by case basis and some factors to be considered include the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment and the likely consequences of withholding immunity. *Id.*

Plaintiffs contend that the allegations of negligence leveled against defendants constitute acts of a ministerial nature. In their petition, plaintiffs charge the police officer with negligence in the operation of a motor vehicle on the public streets. They cite MAI 11.03 and § 304.010, RSMo 1986, in defining "negligent operation of a motor vehicle" as the failure to exercise the highest degree of care, the "degree of care that a very careful and prudent person would use under the same or similar circumstances." Plaintiffs assert that § 304.010 permits no discretion, thus making the operation of a motor vehicle a ministerial act. Put simply, plaintiffs allege that police officers have a ministerial duty to exercise the highest degree of care when operating a motor vehicle, and Officer Roberson breached this duty when he engaged in the pursuit of Defendant Collin's vehicle.

Plaintiffs failed to allege facts supporting the proposition that Officer Roberson operated his vehicle in a negligent manner. The undisputed deposition testimony of Officer Roberson shows that during the pursuit, he never exceeded the speed limit. There is also an allegation that the officer was negligent in turning off his red lights and siren and still continuing the pursuit. This allegation, however, is wholly unsupported factually. The officer's uncontradicted testimony is that, when he elected to terminate pursuit, he did so. He continued operating his vehicle the same direction only because he was on a highway, and had to travel some distance before he could turn off. There is no factual support for the notion that the officer continued the chase after turning off his lights and siren. Therefore, we find no genuine issue of material fact as to this allegation of negligence. Also, Officer Roberson's failure to obtain permission to pursue outside his jurisdiction does not constitute negligent operation of a motor vehicle.

> [A] police officer's failure to request instructions is not an omission to perform an

act necessary to the movement of a motor vehicle or an act or omission fairly incidental to the ordinary course of its operation. Moreover, the instructions not requested and not given were, as alleged, instructions regarding the propriety of the pursuit itself, and not instructions on how to operate the vehicle.

*Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 297 (Mo.App.1983).

█ It becomes clear that plaintiffs actually are asserting that Officer Roberson was negligent in his decision to pursue Collins. Deposition testimony presented by Officer Roberson showed that the decision as to when to pursue and when to discontinue pursuit of a vehicle is left to the judgment and discretion of the individual officer. *See Hagedorn,* 854 S.W.2d at 476. Plaintiffs argue that once Officer Roberson exited the city limits of Raytown and entered Kansas City that he lost all discretion in his pursuit of the vehicle. Plaintiffs point to Officer Roberson's affirmative answer to the deposition question: "It is not your decision to pursue a vehicle outside the jurisdiction of Raytown, Missouri without permission from your sergeant, is it, sir?" This response, however, does not prove that the officer was completely without discretion to pursue while awaiting a response from the sergeant. Although the officer does not have blind discretion to pursue a vehicle outside the city limits of Raytown, it is only common sense, as well as a reasonable reading of the overall deposition, that the officer does have the discretion to seek permission to continue in such pursuit, and to continue the pursuit while awaiting a specific response. It cannot be said that the moment Officer Roberson drove his vehicle into Kansas City he lost all discretion in pursuing the other vehicle, especially when he was seeking permission to continue the pursuit. Once again we take note of the public policy behind the official immunity doctrine which is to promote the vigorous and effective administration of public affairs, providing protection against the adoption by officers of an attitude of complacency in performing their duties for fear of financial loss. *Kanagawa,* 685 S.W.2d at 836.

Officer Roberson sought permission to pursue the vehicle outside of Raytown before leaving the city limits. He did not obtain an immediate response to his request, and after pursuing the vehicle for approximately one and a half miles into Kansas City, he elected to discontinue pursuit. In the absence of the grant or denial of permission to pursue, Officer Roberson was required to make his own determination of whether to continue the pursuit. Officer Roberson's conduct in pursuing the vehicle outside of Raytown while seeking permission was a discretionary act. Consequently, Officer Roberson is protected by official immunity for any negligent conduct arising out of the pursuit.

█ Plaintiffs further allege that the City of Raytown was liable for the negligent acts of Officer Roberson under the doctrine of respondeat superior. Plaintiffs point out that there is a difference between immunity and the absence of negligence, and that there is no logical reason that the city is protected by the officer's immunity. However, there is authority for the proposition that no recovery may be had against the City of Raytown as Officer Roberson's employer where Roberson enjoys immunity. *See Jackson v. City of Wentzville,* 844 S.W.2d 585, 589 (Mo.App. 1993) (holding that where there is no recovery against the individual officer, there is also no ground for recovery against the City). In any event, the City is not liable for the act of its agent when there is no proximate cause relationship between the allegedly negligent act and the injury. Here, Officer Roberson did not collide with the Fonseca vehicle; Defendant Collins did. It is our view that there can be no causal relationship between the decision to pursue and the ultimate collision, when the decision to pursue is reasonable in the light of all the facts and circumstances. There is no genuine dispute about the facts, and we conclude that the facts show that Officer Roberson was reasonable in his decision to pursue. Points I and II [2] are denied.

### Lack of Particularity

█ Plaintiffs also assert that the trial court erred in granting defendants summary

---

**2.** In their second point, plaintiffs argue that if the trial court made a clerical error in granting summary judgment for the City of Raytown

based on "official immunity," intending to grant summary judgment based on sovereign immunity, then the court erred in granting summary

judgment because the motion for summary judgment was legally insufficient to be acted upon by the trial court and, thus, is a nullity. Plaintiffs claim that the motion for summary judgment did not comply with the particularity requirement of Rule 74.04, which provides: "The motion shall state with particularity the grounds...." Reading defendants' motion for summary judgment, together with the suggestions which are incorporated by reference, we conclude that the motion satisfied the particularity requirement contained in Rule 74.04. The summary judgment motion specifically states that defendants are immune from liability based upon the doctrines of official immunity and public duty. Furthermore, the motion incorporates by reference the suggestions supporting the motion, which discuss the facts of the case in detail. Thus, the trial court did not err on this basis.

■ Next, plaintiffs contend that the trial court erred in granting summary judgment for defendants because there was a genuine issue of material fact which bars summary judgment and the judgment is not supported by substantial evidence. Plaintiffs contend that the fact that Roberson was pursuing a "traffic violator," as alleged in defendant's motion to dismiss, is in dispute. Officer Roberson stated that when he observed the vehicle coming from behind the business strip mall he did not see any license plates on either the front or the rear of the vehicle. He thus sought to stop the vehicle to question the occupants. That is sufficient to show that Officer Roberson was pursuing a "traffic violator." In addition, the driver of the car clearly violated an ordinance by failing and refusing to stop his vehicle when the officer signalled for him to stop. The officer's deposition testimony was uncontradicted. Therefore, we find no genuine issue as to any material fact related to Roberson's contention he believed he was pursing a "traffic violator." Point III is denied.

The judgment is affirmed.

---

judgment for defendants· on the basis of sovereign immunity. We need not address this point as our other rulings herein make it unnecessary to reach this point.