Cedric R. ANDERSON and Pamela A.
Martin, Plaintiffs–Appellants,

v.

Sgt. James JONES, Defendant–
Respondent,

and

City of Beverly Hills, Missouri,
Defendant.

No. 66788.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1995.

Leonard P. Cervantes, Phillip A. Cervantes, St. Louis, for plaintiffs-appellants.

William A. Hellmich, St. Louis, for defendant-respondent.

DOWD, Judge.

This is a wrongful death case. Harold Anderson (Decedent) was killed as a result of a vehicular collision in the City of Beverly Hills on February 13, 1992. Plaintiffs Cedric Anderson and Pamela Martin, the surviving children of Decedent, filed suit against Officer James Jones and the City of Beverly Hills alleging Officer Jones's negligent operation of his motor vehicle while on duty as a police officer caused Decedent's death. The petition alleged Officer Jones was traveling eastbound on Natural Bridge Road when he made a U-turn and proceeded westbound at an excessive rate of speed. He then made a sudden lane change and collided with Decedent's vehicle, causing Decedent's death.

On October 8, 1993, Officer Jones filed a motion for summary judgment alleging he had official immunity from Plaintiffs' negligence claims. In his affidavit in support of the motion for summary judgment, Officer Jones stated: "On February 13, 1992, at approximately 11:00 a.m., I was on traffic patrol driving eastbound on Natural Bridge Road. I was working moving radar and 'clocked' a westbound vehicle traveling well in excess of the posted speed limit. I activated the overhead emergency lights on my vehicle, made a U-turn on Natural Bridge Road, and proceeded westbound in order to stop the traffic violator." On November 30, 1993, the trial court granted Officer Jones's motion for summary judgment.

On June 20, 1994, Plaintiffs filed a motion for rehearing and reconsideration of the summary judgment granted in Jones's favor. In support of this motion, Plaintiffs attached an affidavit from Kenneth Duncan, a witness to the accident on Natural Bridge Road. In his affidavit, Duncan stated that at approximately 11 a.m., he was standing at a bus stop about one block east of where the accident occurred. He stated he saw a Beverly Hills police car traveling eastbound on Natural Bridge make a U-turn directly in front of him, turn on its overhead light, and proceed at a high rate of speed in a westbound direction. He also saw the police car collide with Decedent's car. However, Duncan stated he did not see any speeding car drive by immediately before he saw the police car make its U-turn.

On July 7, 1994, the trial court denied Plaintiffs' motion for reconsideration and also stated that Plaintiffs could not use Duncan's deposition at trial unless the City of Beverly Hills was given an opportunity to depose him prior to trial. After Duncan was deposed, Plaintiffs filed another motion for reconsideration alleging Duncan's version of the facts created a genuine issue of material fact because, if Officer Jones was not pursuing a speeding car, he is not protected by official

immunity. After considering Duncan's deposition testimony, the trial court denied Plaintiffs' motion to reconsider and found there was no just reason to delay an appeal from the grant of partial summary judgment in Officer Jones's favor.

■ When considering an appeal from the granting of a summary judgment, this court will review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We give the non-movant the benefit of all reasonable inferences from the record. *Id.* On appeal, the criteria used for testing the propriety of summary judgment are no different from those employed by the trial court in determining the propriety of sustaining the motion initially. *Id.* Summary judgment is appropriate if the motion and response thereto show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(3).

■ Plaintiffs allege the trial court erred in granting a partial summary judgment in favor of Officer Jones based on the grounds that he was protected by official immunity. As a governmental official, Officer Jones is shielded from liability for torts arising out of his discretionary acts or omissions. *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835[6] (Mo. banc 1985); *Fonseca v. Collins*, 884 S.W.2d 63, 66[2] (Mo.App.1994). However, he is liable for negligently performing his ministerial duties. *Id.* "[W]hether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity." *Kanagawa*, 685 S.W.2d at 836[8]. A police officer driving on the public streets and highways in a non-emergency situation does not have blanket immunity from liability for the negligent operation

of his vehicle. *Brown v. Tate*, 888 S.W.2d 413, 415[4] (Mo.App.1994).

Plaintiffs allege Officer Jones was not protected by official immunity because: (1) Officer Jones's pursuit of a vehicle for violating the posted speed limit was not an emergency situation and thus is not a discretionary act protected by official immunity; and (2) even if Officer Jones's pursuit of a vehicle for violating the posted speed limit is considered to be a discretionary act protected by official immunity, there is a question of fact as to whether Officer Jones was pursuing such a vehicle.

In *Bachmann v. Welby*, this court recently held a police officer who was responding to a call for assistance was involved in an emergency situation which required the exercise of his professional expertise and judgment. 860 S.W.2d 31, 34[10] (Mo.App.1993). In holding official immunity applied in this case, the court noted:

> If the prospect of a lawsuit loomed large, a police officer might be reluctant to quickly respond to an emergency call. As a result, the path of least resistance for an officer would be to drive within the speed limit and stop at all stop signs. Such action would obviously have an adverse effect on either an officer or a citizen in need of emergency aid.

*Id.*

In another recent case, *Brown v. Tate*, the court of appeals held a police officer driving on a public street in a non-emergency situation had no official immunity from liability for negligently operating her vehicle because the officer's driving in that situation did not involve policymaking or the exercise of professional expertise and judgment. 888 S.W.2d at 415[3]. The *Brown* court stated:

> We grant [police officers] immunity in order that they may act decisively, even though they might afterwards, by hindsight, be adjudged to have acted negligently. But driving an automobile in a non-emergency situation is not that kind of case. (Citation omitted.)

*Id.*

Officer Jones argues, even if there were no speeding vehicle, he is entitled to official

immunity because driving his police vehicle with the emergency lights activated constitutes an emergency situation. Officer Jones relies on § 304.022, a statute dealing with emergency vehicles and the special regulations and exemptions applicable to them. This section states in pertinent part:

3. An "emergency vehicle" is a vehicle of any of the following types:

(1) A vehicle operated by the state highway patrol, those vehicles operated by enforcement personnel by the division of transportation of the department of economic development, police or fire department, sheriff, constable or deputy sheriff, federal law enforcement officer authorized to carry firearms and to make arrests for violations of the laws of the United States, traffic officer or coroner or by a privately owned emergency vehicle company.

\* \* \* \* \* \*

4. (2) The driver of an emergency vehicle may:

(a) Park or stand irrespective of the provisions of sections 304.014 to 304.026;

(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(c) Exceed the prima facie speed limit so long as he does not endanger life or property;

(d) Disregard regulations governing direction of movement or turning in specified directions;

(3) The exemptions herein granted to an emergency vehicle shall apply only when the driver of any such vehicle while in motion sounds audible signal by bell, siren or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp displaying a red light or blue light visible under normal circumstances under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle.

■ Officer Jones argues he exercised his discretion in activating his emergency lights; and therefore, he is immune from liability for any negligent acts because he is specifically authorized by statute to disregard certain traffic rules when operating an emergency vehicle. We find the evidence that Officer Jones activated his emergency lights is, by itself, insufficient to establish an "emergency situation" under which he is entitled to official immunity as a matter of law.

■ We find genuine issues of material fact exist which preclude summary judgment. Duncan's affidavit and deposition create a factual dispute as to whether Officer Jones was actually pursuing a speeding car. Accordingly, a genuine issue of material fact exists as to whether Officer Jones's operation of his motor vehicle at the time of the accident constituted an emergency situation requiring his professional expertise and judgment. Therefore, we reverse the trial court's order granting summary judgment in favor of Officer Jones and remand for a trial on the merits.

■ In their second point, Plaintiffs allege that the trial court erred in denying their motion for leave to file a third amended petition. Review of this allegation would be premature because the trial court only found there was no just reason to delay the appeal of the portion of its order granting summary judgment in Officer Jones's favor; it did not designate this portion of its order as final for purposes of appeal. Rule 74.01; *Reid v. Reid,* 879 S.W.2d 796, 797[1] (Mo.App.1994).

Judgment reversed.

CRANE, P.J., and CRANDALL, J., concur.