**STATE of Missouri, Plaintiff–Respondent,**

v.

**John Howard GABBARD, Defendant–Appellant.**

**John Howard GABBARD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 63822, 67977.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 9, 1996.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from the judgment of conviction, after a jury trial, for first degree sexual abuse, § 566.100, RSMo Supp.1990. The jury recommended a three-year sentence and the court sentenced Defendant accordingly. Defendant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. In this consolidated appeal, we affirm the judgment of conviction and reverse and remand as to the Rule 29.15 motion.

Defendant does not challenge the sufficiency of evidence supporting his conviction. We summarize the evidence adduced. Defendant lived with victim's mother in a mobile home in Jefferson County with her three minor children, including victim, a ten-year-old daughter. Defendant cared for the children alone one night in October of 1990. While victim and her sister were sleeping, Defendant went into their room naked and carried victim to her mother's bedroom. Victim was wearing a nightgown and underwear; Defendant told victim to take off her underwear—which she did. Defendant then climbed on top of victim and spread her legs apart with his hands. He unsuccessfully attempted to insert his penis into her vagina. Defendant then touched victim's vagina and placed his hands on her breasts outside her nightgown.

That same night, victim told her mother what happened. The mother did not contact the police. The police investigation ensued on November 4, 1991, after victim told her principal at school that Defendant had sexually abused her. Defendant was arrested on an outstanding traffic warrant and later questioned at the Jefferson County Sheriffs Department. Defendant was advised of his *Miranda* [1] rights, and he signed a waiver of those rights. Defendant gave a recorded statement, admitted into evidence and played for the jury, in which he admitted on the night in question he had put his hand down victim's underwear.

Following the judgment of conviction, Defendant timely filed a Rule 29.15 post-conviction relief motion, and Defendant's appointed

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

counsel filed a first amended motion. The State filed a motion to dismiss. The motion court dismissed Defendant's post-conviction relief motions.

■ In his first point on appeal, Defendant asserts "[t]he trial court erred and plainly erred, . . . in submitting instruction number 6, MAI–CR3d 310.50, . . . in that the instruction effectively created a presumption that appellant had the requisite mental state for the charged offense by relieving the State of its constitutional burden of proving all elements of the offenses beyond a reasonable doubt." Defendant relies on *State v. Erwin*, 848 S.W.2d 476, 481–84 (Mo. banc 1993). *Erwin* held that instructions patterned after MAI–CR3d 310.50 violated the defendant's due process rights because it implicitly relieved the state of its burden of proving the mental element of the crime charged. *Id.* at 484. The *Erwin* holding, however, only applied to cases in the future and to cases subject to direct appeal where the issue had been properly preserved:

> This ruling shall be applicable only in cases tried in the future and cases now subject to direct appeal where the issue is preserved that MAI–CR3d 310.50 violated due process because it relieved the state of its burden of proof as to the requisite mental state.

*Id.*

In the instant case, Defendant's trial occurred prior to *Erwin*. The Defendant made a "general objection" to instruction number 6 at the instruction conference. In his motion for new trial, the Defendant argued that MAI–CR3d 310.50 was not "supported by the evidence," which is not the grounds upon which the holding in *Erwin* was based.

In *State v. Dillon*, 869 S.W.2d 67, 69 (Mo. App.W.D.1993), the court held *Erwin* explicitly rejected the use of a general trial objection to raise the constitutional infirmity raised in *Erwin*. *Id.* "[Defendant] is therefore not entitled to a new trial on the basis of the *Erwin* decision." *Id.* Furthermore, just as *Dillon* declined to review for plain error under these circumstances, so do we. *Id.*

We next address Defendant's third and fourth points on appeal simultaneously. In his third point, Defendant asserts the trial court erred and abused its discretion in precluding him from cross-examining victim regarding her prior statements regarding the "stairs." In his fourth point, Defendant argues the trial court erred and abused its discretion by not allowing him to testify whether he had sexually abused victim's brother and sister.

■ Trial courts have broad discretion to determine the relevancy and admissibility of evidence. *State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo. banc 1992). Absent a clear showing of an abuse of that discretion, an appellate court should not disturb the trial court's ruling. *State v. Davis*, 860 S.W.2d 369, 375 (Mo.App.E.D.1993). We have scrutinized the record and find the claims of error raised in points three and four are without merit. Rule 30.25(b). Points denied.

Defendant raises three points concerning the dismissal of his Rule 29.15 motion for post-conviction relief. Defendant asserts "[t]he motion court clearly erred in failing to enter sufficient findings of fact and conclusions of law regarding each allegation in appellant's Rule 29.15 motion" and thus deprived this court of the opportunity for meaningful review of his motion. We agree.

■ Defendant's Rule 29.15 motion was dismissed after the motion court found he was not entitled to relief. The order read as follows:

> COMES NOW the Court and sustains Respondent's Motion to Dismiss. Based upon the record made in the case of *State of Missouri vs. John H. Gabbard*, CR191–1660–FX(J4), the petition of Movant filed in CV194–4151–CC–J4 and the Motion to Dismiss of Respondent filed on or about September 12, 1994, the Court finds there is no conclusive showing that the Movant is entitled to the relief requested.

■ We find the findings of fact and conclusions of law in the above order do not provide this court with a basis to adequately review the motion court's decision on those issues. "In ruling on the motion, whether with or without an evidentiary hearing, the court shall follow [the] rule . . . and make findings of fact and conclusions of law on all

issues presented.... Specific findings and conclusions are contemplated and required." *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978).[2] It is clear from the above order that the motion court did not make specific findings of fact and conclusions of law on each issue raised by the Defendant. Therefore, we reverse the motion court's ruling and remand for entry of specific findings of fact and conclusions of law on all issues presented by Defendant's Rule 29.15 motion.

CRAHAN, P.J., and CRANDALL, J., concur.

2. Rule 29.15 provides for post-conviction relief following a trial. Rule 24.035, which is identical to its predecessor Rule 27.26, provides for post-conviction relief after a guilty plea. Rule 29.15(i), as well as Rule 24.035(i), provides, in pertinent part, that "[t]he court *shall* issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held...." (Emphasis added). Therefore, caselaw interpreting either section is applicable to the other.