CITY OF ST. LOUIS, Respondent,

v.

John JAMESON, Appellant.

Nos. 72089, 72115.

Missouri Court of Appeals, Eastern District, Division Four.

March 31, 1998.

Motion for Transfer to Supreme Court Denied May 27, 1998.

Application for Transfer Denied Aug. 25, 1998.

David G. Waltrip, St. Louis, for appellant.

Eric K. Banks, Stephen W. Thurmer, Steven R. Wild, Andrew S. Williams, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Appellant, John Jameson, appeals from a judgment entered upon a conviction by a jury for Failure to Yield to an Emergency Vehicle in violation of St. Louis City Ordinance 17.14.030, in the Circuit Court of the City of St. Louis for which Appellant was fined $25, received a Suspended Execution of Sentence, and was placed on non-reporting probation for a period of six months. Appellant appeals on the ground that the trial court erred in excluding evidence and testimony which tended to establish Appellant's innocence of the crime charged. We affirm.

Since Appellant does not challenge the sufficiency of the evidence, we briefly recite the facts in a light most favorable to the verdict. On or about November 25, 1995, Appellant, his wife, his daughter, and another passenger[1] were traveling in his automobile westbound on Olive Street. At or about the same time, Police Officer Daniel Drago was in his police vehicle when he received a dispatch call asking officers in the area to respond to a security guard in need of aid at the Walgreens store in the 4200 block of Lindell Avenue. Upon receiving this call, Officer Drago "cleared" the call, meaning he radioed to the dispatcher that he would respond to the location in need of aid, switched on his emergency lights and siren, and proceeded towards Walgreens. Officer Drago made a left turn onto North Compton Avenue and then proceeded north towards Dr. Martin Luther King Drive, upon which he made a left turn. He then proceeded west to Page Boulevard, made a left turn onto Page Boulevard and proceeded west to Vandeventer Avenue. Officer Drago made a left turn onto Vandeventer and traveled south. As Officer Drago traveled southbound through a green traffic signal into the intersection of Vandeventer Avenue and Olive Boulevard, Appellant proceeded westbound through a red traffic signal into the same intersection. Officer Drago's vehicle and Appellant's vehicle collided. Appellant and the other passengers sus-

---

1. The record does not reveal the relationship of this party to Appellant.

tained injuries, including Appellant's wife who was fatally injured.

The City of St. Louis charged Appellant with Failure to Yield to an Emergency Vehicle in violation St. Louis City Ordinance 17.14.030.[2] During the course of his trial, Appellant sought to introduce the following into evidence: (1) an audio tape of all radio communications between and among police dispatch and all police officers involved in the emergency call; (2) the testimony of the custodian of the dispatch audio tape, Officer John Clobes of the communication division of the St. Louis Metropolitan Police Department; (3) the testimony of Keith E. Vidal, Appellant's accident reconstruction expert; and (4) various exhibits associated with the foregoing items of evidence. Appellant sought to offer the tape and testimony as evidence that Officer Drago was not in fact operating an emergency vehicle because the dispatcher had terminated the call prior to the collision. The City of St. Louis successfully motioned the court to exclude the audio tape and preclude the testimony of Appellant's expert. After a three-day trial, a jury convicted Appellant for failing to yield to an emergency vehicle. Appellant was fined $25, received a Suspended Execution of Sentence, and was placed on non-reporting probation for a period of six months.

In his sole point on appeal, Appellant contends the trial court erred

> in excluding the police dispatch audio tape, appellant's accident reconstruction expert's testimony as to time-distance equations, and exhibits and testimony associated therewith because such evidence was both relevant and material to Officer Drago's credibility and to his status as an emergency vehicle at the time of the collision.

Appellant asserts that the police dispatch audio tape should have been admitted into evidence because it reflects actual elapsed time between communications, and estab-

lishes that the emergency call to which Officer Drago responded was terminated approximately 59 seconds after Officer Drago cleared the call. Appellant also sought to offer into evidence testimony from an accident reconstruction expert. The expert testified in an offer of proof that by using a time/distance equation based on Officer Drago's testimony as to the route he traveled after clearing the call and the time sequence of the audio tape, Officer Drago must have traveled at speeds exceeding seventy miles per hour in order to have reached the intersection of the collision prior to hearing the dispatcher terminate the call. Appellant also sought to offer the audio tape to impeach Officer Drago's testimony that he did not hear the dispatcher terminate the call. Appellant concludes that in light of this evidence, Officer Drago must have heard the termination call prior to the collision; and therefore, Officer Drago was not, in fact, operating an emergency vehicle as required by the ordinance. We disagree.

■ In determining whether evidence is relevant and admissible, trial courts have broad discretion. *State v. Gabbard,* 913 S.W.2d 362, 364 (Mo.App. E.D.1996). "Evidence is relevant if it tends to prove or disprove a material fact in issue or to corroborate evidence which itself is relevant." *State v. Moore,* 930 S.W.2d 464, 468 (Mo.App. E.D.1996). "Absent a clear showing of an abuse of that discretion, an appellate court should not disturb the trial court's ruling." *Gabbard,* 913 S.W.2d at 364.

■ Upon review of the record, we find the trial court did not abuse its discretion in excluding the evidence Appellant sought to offer at trial. "'The purpose of statutes regulating and effecting automobile traffic ... is the promotion of the safety of the public.'" *Binion v. Armentrout,* 333 S.W.2d 87, 90 (Mo.1960) (*quoting Dinger v. Burnham,* 228 S.W.2d 696, 699 (Mo.1950)). Pursuant to St.

---

**2.** St. Louis City Ordinance 17.14.030 states:

**Giving right-of-way to emergency vehicles.**
Upon the immediate approach of a vehicle displaying at least one lighted, flashing light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, or upon the immediate approach of a vehicle giving an audible signal by bell or

siren, the driver of every other vehicle shall yield the right of way, shall immediately drive to a position parallel to and as close as possible to the right hand or curb of the roadway clear of any intersection, and shall stop and remain in such position until the emergency vehicle has passed.

Louis City Ordinance 17.14.030, drivers of all vehicles must yield the right of way "[u]pon the immediate approach of a vehicle displaying at least one lighted, flashing light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle, or upon the immediate approach of a vehicle giving an audible signal by bell or siren,...." If a driver of a vehicle does not yield upon the approach of such vehicle, that driver violates the ordinance.

 Appellant argues that a driver only violates the ordinance if the vehicle displaying a lighted flashing light or giving an audible signal is in fact an emergency vehicle within the definition of St. Louis City Ordinance 17.02.230 which states: "An emergency vehicle is a ... publicly owned vehicle when it is operated by an officer of either the Missouri State Highway Patrol or a police department, by a sheriff, by a deputy sheriff or by a constable, but only when going to a destination in response to an emergency call or when in pursuit of an actual suspected law violator." This provision, however, is only relevant in determining whether the driver of the emergency vehicle may be shielded from negligence liability. *See* St. Louis City Ordinance 17.14.020 and *Creighton v. Conway,* 937 S.W.2d 247 (Mo.App. E.D.1996) ("A police officer driving on the public streets and highways in a non-emergency situation is not shielded from liability for the negligent operation of his vehicle.").[3] It is of no consequence, for purposes of finding a violation of failure to yield to an emergency vehicle, if the vehicle displaying the lighted flashing lights and or giving an audible signal pursuant to St. Louis City Ordinance 17.02.230 is in fact responding to an emergency situation. Instead, the fact that the vehicle is displaying the visual and audible characteristics of an emergency vehicle is enough to trigger the duty to yield. *Compare Anderson v. Jones,* 902 S.W.2d 889, 892 (Mo.App. E.D.1995) (holding the fact that an officer activates his emergency lights "is, by itself, insufficient to establish an 'emergency situation' under

which he is entitled to official immunity as a matter of law"). We conclude that as a matter of public policy, we cannot have drivers second-guessing whether the driver of a vehicle displaying lights and giving audible signals pursuant to St. Louis City Ordinance 17.14.030 is properly responding to an emergency situation.

Judgment is affirmed.

SIMON and HOFF, JJ., concur.

---

3. We note, however, that even in a negligence action, courts will not second-guess a police officer's interpretation of or response to a situation as it then appears to the officer even if hindsight shows that an emergency situation did not in fact exist. *Costello v. City of Ellisville,* 921 S.W.2d 134, 137 (Mo.App. E.D.1996). "'This is so even though hindsight may demonstrate errors in judgment which might be branded as negligent by qualified evaluators.'" *Id.* at 136.