Bobby M. ALEXANDER, Appellant,

v.

STATE of Missouri, Respondent.

No. 70286.

Supreme Court of Missouri,
En Banc.

Sept. 13, 1988.

**540**

Glenn E. Easley, John B. Schwabe, II, Columbia, for appellant.

William E. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Plaintiff Bobby Alexander appeals from a judgment and order entered in favor of defendant State of Missouri on the state's motion for judgment on the pleadings or in the alternative for summary judgment. The trial court sustained the motion and in effect dismissed plaintiff's claim for failure to state a cause of action. Because no evidence or supporting affidavits were offered, we examine only the pleadings to determine whether as a matter of law a cognizable action is stated. Plaintiff alleges that he fell from a ladder while servicing elevators in the Jefferson State Office Building as a result of a dangerous condition of the state's property within the meaning of § 537.600.1(2), RSMo 1986; the state asserts that the statutory exceptions to sovereign immunity are not applicable under the facts stated in the petition because plaintiff's injuries were not caused by a "dangerous condition" of the state's property. The Court of Appeals, Western District, reversed the trial court's judgment, holding that plaintiff had pled a cause of action within the scope of § 537.600.1(2); however, one judge dissented and ordered the cause transferred pursuant to Mo. Const. Art. V, § 10, to resolve a perceived conflict between the majority opinion and *Kanagawa v. State of Missouri, By and Through Freeman,* 685 S.W.2d 831 (Mo. banc 1985) and *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2 (Mo.App.1983). We decide the cause as though on original appeal and reverse and remand.

When reviewing a judgment on the pleadings, we bear in mind that the party moving for judgment admits, for purposes of the motion, the truth of all well-pled facts in the opposing party's pleadings. *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343, 345 (Mo. banc 1981). Such motions should be sustained if it appears from the face of the pleadings that the moving party is entitled to judgment as a matter of law. *Id.*

Plaintiff alleged in his first amended petition that on April 17, 1979, he was employed as an elevator repairman and was dispatched to the Jefferson State Office Building to service elevators located there. While descending a fixed metal ladder which accesses the building's elevator equipment room, he stepped off the last rung and onto a folding room partition

which had been laid at the foot of the ladder while he was working above in the equipment room. As plaintiff stepped onto the partition it unfolded and his foot slipped from the ladder, causing him to lose his grip, and he fell, striking his back on a concrete wall. The petition describes serious and substantial injuries to plaintiff's back caused by the fall which have prevented plaintiff from returning to gainful employment since the accident. Plaintiff further avers that the Jefferson State Office Building is owned and operated by the State of Missouri and that the state has purchased liability insurance for tort claims such as the one involved here. He also asserts:

> [T]he placement of said folding room partition, as aforesaid, constituted a dangerous condition of the defendant's property, which was in a dangerous condition at the time of the plaintiff's injury, that the plaintiff's injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred; that either a negligent or wrongful act or omission of an employee of the defendant acting within the course of his employment created the dangerous condition or the defendant had actual or constructive notice of the dangerous condition in sufficient time prior to the plaintiff's injury to have taken measures to protect against the dangerous condition.

█ Defendant's motion for judgment on the pleadings was predicated on its contention that plaintiff's claim is barred by the doctrine of sovereign immunity. Sovereign immunity as it existed prior to September 12, 1977, remains in effect except for certain instances in which it is waived, including:

> Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition [sic] at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that ei-

ther a negligent or wrongful act or omission of an employee of the public entity created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

> · · · · ·

Section 537.600.1(2), RSMo 1986. In *Kanagawa*, 685 S.W.2d at 835, this Court held:

> [a] plaintiff seeking to state a claim under the exception must allege facts that demonstrate: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition.

█ The issue presented in this case concerns the first requirement of *Kanagawa;* that is, whether plaintiff has alleged facts demonstrating a dangerous condition of the public entity's property. Guided in our inquiry by well established rules of statutory construction and interpretation, it is our primary responsibility to ascertain and effectuate the intent of the General Assembly, and in so doing we look first to the language of the statute and the plain and ordinary meaning of the words employed. Provisions of the entire legislative act must be construed together and harmonized, if reasonably possible. *Crest Communications v. Kuehle,* 754 S.W.2d 563, 566 (Mo. banc 1988). The term "property" in the context of § 537.600.1(2) has been interpreted as including both real and personal property, *Delmain v. Meramec Valley R–III School District,* 671 S.W.2d 415, 417 (Mo.App.1984), and thus would encompass the ladder and partition involved here. While it has also been held that "dangerous condition" refers only to defects in the physical condition of public property; *Kanagawa,* 685 S.W.2d at 835; *Twente,* 665 S.W.2d at 11; we believe, giv-

ing the words of the statute their plain and ordinary meaning, that the alleged placement of the partition against the ladder created a physical deficiency in the state's property which constituted a "dangerous condition." *See Jones v. St. Louis Housing Authority*, 726 S.W.2d 766, 774 (Mo. App.1987). The situation is no different in legal effect than had a rung of the ladder been attached in such a fashion as to have been insufficient to support plaintiff as he climbed from the upper room. Implicitly conceding that the partition was put at the bottom of the ladder by an agent of the state, defendant focuses on language in *Twente* indicating that the negligent or wrongful act or omission of an employee is not unto itself a "dangerous condition," and argues that dangerous conditions do not include "property, without a defective condition or characteristic existing in it, which, solely by reason of its position in relation to other objects, may create an unreasonable risk of harm." While we must strictly construe statutory provisions waiving sovereign immunity, *Kanagawa*, 685 S.W.2d at 835, we need not and should not adopt the convoluted and constrictive interpretation urged by defendant. The language of the statute, which refers to conditions created by the negligence of state employees, unquestionably contemplates some negligence by agents of the public entity. We note that in *Jones*, 726 S.W.2d at 774, the presence of debris on the public entity's yard was held to be a dangerous condition of the property, and sovereign immunity did not bar the wrongful death claim of a mother whose son was struck by debris flung from a mower being used on the premises. In that case, as here, the danger was created not by any intrinsic defect in the property involved, but by the dangerous condition created by the positioning of various items of property.

An examination of the circumstances of *Kanagawa* and *Twente* places the language relied on by defendant in its proper context and demonstrates the significant factual differences between those cases and the one at bar. In *Kanagawa*, a prisoner escaped from a penal facility and raped and kidnapped the plaintiff, while in *Twente*, a woman was raped in the parking lot of a state facility. Plaintiffs in both cases essentially contended that inadequate supervision by the state created a dangerous condition; however, it is evident that the dangers there did not involve the physical condition of the state's property but rather the criminal acts of others. In contrast, the condition here was dangerous because its existence, without intervention by third parties, posed a physical threat to plaintiff. Plaintiff has alleged something quite different than "a public entity's property, in some remote way, presaged the commission of a tort by another party," *Kanagawa*, 685 S.W.2d at 835, and the trial court erred in granting judgment for defendant on the pleadings.

The judgment is reversed and the cause remanded.

BILLINGS, C.J., and BLACKMAR, DONNELLY, ROBERTSON and HIGGINS, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent for the reasons set forth in *Twente v. Ellis Fischel State Cancer Hospital*, 665 S.W.2d 2 (Mo.App.1983); *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831 (Mo. banc 1985); and *Donahue v. City of St. Louis*, 758 S.W.2d 50 (Mo. banc 1988), decided contemporaneously herewith. I do not believe that this is the kind of dangerous condition of property contemplated by either the Seventy–Ninth General Assembly, Second Regular Session, 1978, or the Eighty–Third General Assembly, First Regular Session, 1985.

Between the 1985 amendment which makes all governmental entities fully responsible for negligent, defective or dangerous design of roads and highways and the holding of the majority herein, sovereign immunity has been as effectively abrogated today as it was by the decision of *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977) and every governmental entity in the state is facing the same financial disaster which they faced in 1978.

I know of nothing in the Constitution requiring judges to bury their heads in the sand and to ignore reality while placing their approval on litigation such as is here involved. The appellant herein had to be covered and protected by workers' compensation. The State, I am confident, would not contract with uninsured service companies. If a recovery is permitted, the insurer of the workers' compensation will be subrogated [1] to get back all it has paid (less attorney's fees and expenses) and the appellant will get the excess recovered (less attorney's fees and expenses). Surely there is a better use for taxpayers' funds than pouring them into such litigation.

---

1. **287.150. Subrogation to rights of employee or dependents against third person, effect of recovery.**—1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation.

....

3. Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered, or the balance of the recovery may be divided between the employer and the employee or his dependents as they may agree.... Section 287.150, RSMo 1986.