**Robert L. BYROM, et al., Appellants,**

v.

**LITTLE BLUE VALLEY SEWER DISTRICT, et al., Respondents.**

**No. WD 43832.**

Missouri Court of Appeals, Western District.

June 18, 1991.

As Modified July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Application for Transfer Sustained Sept. 10, 1991.

Case Retransferred Feb. 25, 1992.

Court of Appeals Opinion Readopted March 2, 1992.

---

Jimmie D. James, Richard F. Lund, James, Lund & Biagioli, Independence, Mary E. Murphy, Kansas City, for appellants.

Thomas F. Gordon, Gordon & Gordon, Spencer J. Brown, Brett C. Coonrod, Deacy & Deacy, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

TURNAGE, Judge.

Robert L. Byrom and several others brought suit against the Little Blue Valley Sewer District for damages resulting from the operation of a sewage disposal plant. The District filed a motion to dismiss on the ground that it was immune from liability under the doctrine of sovereign immunity. The court granted the motion and Byrom and the other plaintiffs have appealed. Byrom claims that the petition stated a cause of action within the exception set out in § 537.600.1(2), RSMo 1986. Reversed and remanded.

The petition alleged that the District began using the sewage treatment plant in 1985. The petition alleged that the treatment basins and other parts of the plant were defectively constructed and as a result raw sewage was caused to be discharged onto adjoining land and into the Missouri River and fumes and odors containing toxic chemicals were emitted into the air. The petition alleged that when the District commenced to utilize the plant it knew, or should have known, that the condition of the plant was insufficient to handle the anticipated volume of raw sewage and that fumes, odors and toxic chemicals were being discharged into the air and upon the land.

The petition alleged that the District's property was and is in a dangerous condition which caused injury to the plaintiffs. It was further alleged the dangerous condition created a reasonably foreseeable risk of harm of the kind of injuries about which plaintiffs complain and that either a negligent or wrongful act or omission of employees of the District created the dangerous condition, or that the District had actual or constructive notice of the dangerous condition and its effects with sufficient time prior to the occurrence of plaintiffs' injuries to have taken measures to protect plaintiffs from the dangerous condition, but failed to do so. The petition was in three counts on theories of nuisance, injunction, and damages for personal injury.

The only question presented to the trial court and properly presented on this appeal is whether the petition alleges facts which state a cause of action for damages upon which relief can be granted within the exception to sovereign immunity relating to the dangerous condition of property. In reviewing the dismissal of a petition, this court treats the pleaded facts as true together with the inferences reasonably drawn therefrom and construes all averments liberally and favorably to the pleader. *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 834[1] (Mo. banc 1985).

*Kanagawa* stated that § 537.600.1(2) sets forth four prerequisites to the waiver of immunity. The plaintiff must allege facts that demonstrate:

(1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Id.* at 835.

The contested issue in this case is whether the petition alleges facts that demonstrate a dangerous condition of property. The District principally contends that the petition only alleges a failure of some of its equipment to function as intended and therefore the petition only pleads facts concerning the operation of the plant and does not allege facts showing a dangerous condition of the District's property.

Contrary to the District's contention the petition alleges that the water basin treatments were defectively constructed and as a result of such defective construction raw sewage was caused to be discharged upon the land and into the Missouri River and fumes and odors containing toxic chemicals were emitted into the air. The dangerous condition of property referred to in § 537.-600.1(2) was construed in *Kanagawa* to refer to a defect in the physical condition of public property. *Id.* at 835[3]. In *Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988), the court held that a partition which was placed at the bottom of a ladder attached to a wall and which unfolded when a workman stepped on it constituted a dangerous condition of the property. The court stated "the condition here was dangerous because its existence, without intervention by third parties, posed a physical threat to plaintiff." *Id.* at 542.

In this case there is no dispute that the plant was constructed upon the property of the District and that it is permanent and has become a part of the property. The petition alleges that the plant was defectively constructed so that it could not handle the volume of sewage it received and by reason thereof raw sewage was discharged upon the land and into the Missouri River and toxic chemicals were emitted into the air. Treating the allegations as true, they were sufficient to allege a dangerous condition in the District's property. These allegations are more than the simple malfunction of a piece of machinery as the District would describe such allegations. The allegations go to the very condition of the plant which caused raw sewage to be discharged and toxic chemicals to be emitted into the air. The condition of the District's property was dangerous because the existence of the plant without the intervention of third parties posed a physical threat to plaintiffs. A sewage disposal plant which discharges raw sewage onto the surrounding land and into adjoining waters and emits its toxic chemicals into the air because of faulty design or construction constitutes a dangerous condition of property.

The District raises other questions which were not presented to the trial court and are not properly presented on this appeal. *Centerre Bank of Branson v. Campbell*, 744 S.W.2d 490, 494[4] (Mo.App.1988).

The judgment is reversed and this cause is remanded for further proceedings.

All concur.