**Tonia (McElroy) GOBEN, Appellant,**

v.

**SCHOOL DISTRICT OF ST. JOSEPH, Respondent.**

**No. WD 46349.**

Missouri Court of Appeals, Western District.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied March 23, 1993.

---

Paul E. Vardeman, Lead Counsel, Kansas City, Polsinelli, White, Vardeman and Shalton, Jim Turner, Co–Counsel, St. Joseph, for appellant.

James T. Thompson, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Tonia (McElroy) Goben filed suit against the School District of St. Joseph for personal injuries suffered by her when she fell while trying to jump a hurdle in gym class. The court entered summary judgment in favor of the District. Goben contends that she pled facts alleging a dangerous condition of property. Affirmed.

Goben concedes that the School District is protected by the doctrine of sovereign immunity as held in *Stevenson v. City of St. Louis School District*, 820 S.W.2d 609 (Mo.App.1991), and that the only question is whether or not she has adequately pled an exception to that doctrine as provided in § 537.600.1(2), RSMo 1986.

In her petition Goben alleged that in March 1988 she was an overweight teenager attending a gym class at Robidoux Middle School. She alleged that the gym teacher requested Goben to jump over a hurdle placed on the concrete floor with a linoleum covering. Goben alleged that she told the teacher that she could not jump the hurdle and if she attempted to do so she would be in great danger of falling or catching her foot on the hurdle. It was further alleged that the teacher told Goben to try anyway and when Goben attempted to jump the hurdle her foot caught on the hurdle and she fell to the floor causing injury.

There was no allegation of any defect in the floor or in the hurdle and Goben candidly admits in her brief that the floor had no physical defects. Goben argues that the dangerous condition was created by the gym teacher in setting hurdles on a concrete floor and urging students such as Goben to jump over them.

Goben relies primarily on *Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988), in which the court held that a folding room partition laid at the foot of a ladder constituted a dangerous condition of property. The court held that the condition of the State's property was dangerous because of the placement by a State employee of the partition at the foot of the ladder and held that the situation was the same as if the ladder had a defective rung. *Id.* at 542. The court held that a dangerous condition of property can be created not by any intrinsic defect in the property but by the positioning of various items of property. *Id.*

Goben argues that in this case the condition of the school property was not intrinsically dangerous but became dangerous be-

cause of the active negligence of the gym teacher in urging a reluctant, overweight teenage girl to jump a hurdle placed on a concrete floor.

*Alexander* quoted from *Kanagawa v. State of Missouri, By and Through Freeman,* 685 S.W.2d 831, 835 (Mo. banc 1985), in setting forth the requirements for a petition alleging injury as a result of a dangerous condition of property. The court quoted *Kanagawa* as follows:

[a] plaintiff seeking to state a claim under the exception must allege facts that demonstrate: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition.

To meet these requirements, the petition must allege a dangerous condition of property and that the plaintiff's injuries directly resulted from the dangerous condition. In this case, there is no allegation that Goben's injury directly resulted from a dangerous condition. There is no allegation that any condition of the property including the floor and the hurdle caused the injuries. The allegation is that Goben was injured as a result of her attempt to jump a hurdle at the urging of her gym teacher. Although she alleges that her injury resulted from her foot striking the hurdle, there is no allegation of any defect in the hurdle or the floor. Thus, the injury resulted not from a condition of the school property, but from the inability of Goben to physically jump over the hurdle.

Goben contends that *Alexander* held that a dangerous condition of property may be created by the negligence of employees and in this case the positioning of the hurdle and the urging of the teacher that Goben attempt to jump the hurdle created the dangerous condition of property. Goben overlooks the fact that in *Alexander* the injury was directly caused by the folding partition collapsing when the plaintiff stepped on it. The negligence in placing the partition was mentioned only to account for the presence of the partition under the ladder. Once the partition was placed under the ladder, regardless of how it got there, the condition of the property became dangerous because the partition was subject to collapsing when stepped on. The injury occurred when the partition collapsed which satisfied the requirement of the exception to sovereign immunity in § 537.600.1(2) that the injury directly result from the dangerous condition of property.

Here, Goben equates the negligence of the gym teacher in setting up the hurdle and urging an overweight student to attempt to jump over it with the negligence of an employee in *Alexander* in placing the partition under the ladder. Such a comparison may be valid, however, in *Alexander* the partition caused the injury by collapsing when it was stepped on. There is no allegation in this case that either the floor or the hurdle caused Goben's injury. Nor was it alleged that either the floor or the hurdle was defective. Rather, Goben simply pleads negligence on the part of the teacher in urging an overweight girl to jump over a hurdle and that is not an allegation that the injury was caused by a dangerous condition of property.

Goben also contends that *Alexander* relaxed the strict requirements of *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2 (Mo.App.1983) and *Kanagawa,* supra, that the dangerous condition of property must be an intrinsic defect in the property involved. That is true because *Alexander* held that a dangerous condition may also be shown by the positioning of various items of property. However, *Alexander* did not ignore the requirement of § 537.600.1(2) that the injury must be directly caused by the dangerous condition of the public entity property. On the contrary, *Alexander* stated that the condition created by the placement of the partition was dangerous, without the intervention of third parties, and posed a physical threat to Alexander. 756 S.W.2d at 542. Goben failed to close the gap between a supposed dangerous condition and her injury when

she failed to allege that a dangerous condition of property directly caused her injury. Her pleading falls short of bringing this case within the holding in *Alexander.*

Because of the deficiency in Goben's pleading as set out above, the court correctly entered summary judgment in favor of the School District.

The judgment is affirmed.

All concur.