# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2550

_____

| | | |
|---|---|---|
| George S. Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Wendy Wintersteen; Forrest William | * | |
| Ravlin; Dennis D. Kopp; United States | * | [UNPUBLISHED] |
| of America, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 13, 2004
Filed: May 21, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

George S. Smith sued defendants for writing an allegedly defamatory letter to his employer with intent to injure his personal and professional reputation, in violation of Missouri law. He appeals the district court's[1] order dismissing his diversity action for failure to state a claim and lack of personal jurisdiction.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

We conclude that the district court properly substituted the United States as a party for defendant Kopp, a United States Department of Agriculture employee, and properly denied Smith's motion to remand. See 28 U.S.C. § 2679(d)(1), (2) (upon certification by Attorney General that defendant employee was acting within scope of employment, action shall be deemed to be action against United States and case shall be removed to district court). The district court then properly dismissed the claims against the United States. See 28 U.S.C. § 2680(h) (intentional-torts exception to waiver of sovereign immunity in Federal Tort Claims Act).

We also affirm the district court's dismissal of defendant Wintersteen, an employee of Iowa State University, under Federal Rule of Civil Procedure 12(b)(6), because she is entitled to official immunity under Missouri law. See Kanagawa v. State ex rel. Freeman, 685 S.W.2d 831, 835 (Mo. 1985) (public officials are shielded from personal liability for discretionary acts when acting within scope of authority), overruled on other grounds by Alexander v. State, 756 S.W.2d 539, 541-42 (Mo. 1988).

Finally, we affirm the dismissal of defendant Ravlin, an employee of the Ohio State University, although not on the grounds articulated by the district court. See Campbell v. Comm'r of Internal Revenue, 943 F.2d 815, 818 (8th Cir. 1991) (appellate court may affirm trial court's decision on any ground supported by record, whether or not that ground was addressed below). We find that under either Ohio or Missouri law, Ravlin is immune from suit. See Ohio Rev. Code Ann. § 9.86 (Anderson 2001) (no employee shall be liable in any civil action for damage or injury caused in performance of his duties, unless employee's actions were outside scope of employment or employee acted with malicious purpose, in bad faith, or in wanton or reckless manner); Kanagawa, 685 S.W.2d at 835.

Accordingly, we affirm the judgment of the district court.

_____