STATE of Missouri ex rel., Jeremiah W. NIXON, Attorney General, and State of Missouri, M.W. Trader, and Ivie A. Warren, Relators,

v.

Honorable Henry W. WESTBROOKE, Respondent.

No. 26113.

Missouri Court of Appeals, Southern District.

Sept. 17, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Brian Barnhill, Asst. Atty. Gen., Jefferson City, for relator.

James E. Corbett, David T. Tunnell, Ann R. Littell Mills, Ernesto C. Gapasin, Corbett Law Firm, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

This is an original proceeding in prohibition. This court entered a preliminary order in prohibition prohibiting respondent from taking further action as to the State of Missouri in *Allen v. Mahony,* case number 198CC1849, pending in the Circuit Court of Greene County, Missouri. Peremptory writ of prohibition is ordered is-

sued consistent with the opinion that follows.[1]

Cleslie David Allen brought an action in the Circuit Court of Greene County, Missouri, against Walter Blair Mahony, State of Missouri, M.W. Trader and Ivie A. Warren. That action is case number 198CC1849. Respondent is the circuit judge to whom the case is assigned. The State of Missouri sought summary judgment on the ground of sovereign immunity. That request was denied. The State of Missouri, by this action, seeks to prohibit respondent from taking further action in Greene County Circuit Court case number 198CCC1849 as to the state other than entry of a judgment of dismissal.

The petition in the underlying action alleged, with respect to the state, that on September 2, 1996, two Missouri Highway Patrol troopers responded to the scene of an automobile accident on Missouri Highway 13, a four-lane divided highway at a location in Greene County. One of the cars involved in the accident was partially blocking the left northbound lane. According to the petition, one of the troopers barricaded that lane with traffic cones that forced all traffic to travel in the right northbound lane. Some time later the trooper reopened the lane that had been barricaded to traffic.

Mr. Allen states in his petition that he was removing debris from the roadway following the earlier collision when a vehicle driven by Walter Blair Mahony struck him. He asserts that his action in removing the debris was done at the direction of Trooper M.W. Trader and Trooper Ivie Warren who were acting within the course and scope of their employment with the state; that the area where Mr. Allen was removing debris had been barricaded by or at the direction of one or both of the troopers, but while Mr. Allen was clearing the debris, one or both troopers allowed the lane of traffic that had previously been barricaded to be opened for traffic.

Mr. Allen contends the highway was the property of the state; that the highway at the site of the accident was dangerous; that Mr. Allen sustained injuries because of the dangerous condition at the location. Mr. Allen's petition asserts it was dangerous because of the presence of traffic moving along and in the lane in which he removed debris; that the state knew, or by the use of ordinary care, could have known of the dangerous condition. He sought damages for injuries he sustained because of the dangerous condition he alleged existed at the accident scene.

The state contends the respondent judge should be prohibited from taking further action with respect to it "because under § 537.600 RSMo [the state] enjoys sovereign immunity from liability in [the underlying] case."[2] Section 537.600.1 provides that the state possesses sovereign tort immunity except for damages for negligent acts or omissions in instances prescribed therein. Section 537.600.1(2) states the exemption Mr. Allen contends applies to his claim against the state. It denies the state immunity from:

Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from

1. Respondent included as part of his brief a motion to dismiss the petition. Respondent's motion contends relator's point relied on does not comply with requirements of Rule 84.04(d)(3). That motion is denied.

2. The reference to § 537.600 is to RSMo 1994. That statute is unchanged in the current revision of Missouri statutes. References in this opinion to statutes are to RSMo 1994 unless stated otherwise.

the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. . . .

██ Respondent first asserts that prohibition is not proper because an appropriate remedy would be available to the state by means of appeal. As *State ex rel. City of Marston v. Mann,* 921 S.W.2d 100 (Mo.App.1996), explains:

"Where a defendant has the defense of sovereign immunity, 'prohibition is the appropriate remedy to forebear patently unwarranted and expensive litigation, inconvenience and waste of time and talent.'" *State ex rel. Bd. of Trustees v. Russell,* 843 S.W.2d 353, 355 (Mo.banc 1992) (quoting *State ex rel. New Liberty Hosp. Dist. v. Pratt,* 687 S.W.2d 184, 187 (Mo.banc 1985)). "Prohibition is particularly appropriate when the trial court, in a case where the facts are uncontested, wrongly decides a matter of law thereby depriving a party of an absolute defense." *State ex rel. Feldman v. Lasky,* 879 S.W.2d 783, 784–85 (Mo.App. 1994). *See also State ex rel. Mo. Dept. of Agric. v. McHenry,* 687 S.W.2d 178, 181 (Mo.banc 1985) (approving prohibition in a state sovereign immunity claim).

*Id.* at 101. Prohibition is a proper remedy.

██ In asserting the state is not entitled to sovereign immunity in the underlying case, respondent argues Mr. Allen's injuries were caused by a dangerous condition of public property; that "[w]hen Troopers Trader and Warren, acting in the course of their employment with Relator Missouri[ ] removed the traffic cones and permitted traffic into the left northbound lane of Highway 13, they created a dangerous condition that created a reasonably foreseeable risk of harm of the type suffered by [Mr. Allen]." Respondent contends the dangerous condition exception to sovereign immunity is applicable to Mr. Allen's claim of liability against the state.

Respondent relies on *Alexander v. State,* 756 S.W.2d 539 (Mo. banc 1988). The trial court in *Alexander* granted judgment on the pleadings for the state in a case in which a worker alleged he sustained injuries as a result of a dangerous condition in a state office building. The worker was an elevator repairman. The petition alleged the worker had been dispatched to service elevators in a state building. He descended a fixed metal ladder that accessed the building's elevator equipment room. When he reached the bottom of the ladder he stepped off its last rung onto a folding room partition that had been laid at the foot of the ladder. The petition alleged that the partition unfolded when the worker stepped on it; that his foot slipped causing him to lose his grip; that he fell, striking his back on a concrete wall.

The worker claimed he sustained serious injuries; that placement of the partition at the bottom of the ladder constituted a dangerous condition of the state's property; that his injury directly resulted from the dangerous condition. The worker alleged that the dangerous condition created a reasonably foreseeable risk of harm of the kind the worker sustained; that either a negligent or wrongful act or omission by an employee of the state, acting within the scope of his employment, had created the dangerous condition and the state had actual or constructive notice of the danger-

ous condition in sufficient time prior to the injury in which to have taken measures to protect against the dangerous condition.

*Alexander* held that a cause of action was pleaded against the state by reason of statutory exemption from sovereign immunity. *Alexander* concluded that the term "property" in § 537.600.1(2), RSMo 1986,[3] included both real and personal property. 756 S.W.2d at 541. It held that placement of a partition against the ladder created a physical deficiency in the state's property that constituted a "dangerous condition." *Id.* at 542. *Alexander* concluded that the situation before the court was no different in legal effect than had a rung of the ladder been attached in a manner that would have been insufficient to support the workman as he climbed from the upper room. *Alexander* held that "[t]he language of the statute, which refers to conditions created by the negligence of state employees, unquestionably contemplates some negligence by agents of the public entity." *Id.*

Respondent asserts that *Alexander* holds that "the state could be held liable to a worker for injuries he sustained when he stepped off of a ladder onto a folding room partition placed at the foot of the ladder, causing him to fall when the partition unfolded." Respondent argues that the principles that caused the state to be liable in *Alexander* apply here because "[t]here was nothing wrong with the ladder [in *Alexander*] or with the partition, but a dangerous condition giving rise to liability was 'created by the positioning of various items of property,'" quoting from *Alexander*, 756 S.W.2d at 542.

Respondent argues that according to Mr. Allen's petition, the left lane of the highway was made dangerous for Mr. Allen by the troopers "when they turned traffic in on him without checking to see whether he had completed his cleaning process." Relying on *Alexander*, respondent contends that the "dangerous condition" that Mr. Allen contends the troopers created falls within the dangerous condition exception to sovereign immunity established by statute. This court disagrees.

The difference between the circumstances pled in *Alexander* and the facts pled in Mr. Allen's case is that, in *Alexander*, injury resulted from property placed at the location; property that became the physical cause of the injury the workman sustained. In Mr. Allen's case, the property where the injury occurred was a roadway. The condition of the roadway was not the cause of Mr. Allen's injury. Rather, according to Mr. Allen's pleadings, his injury occurred because of tortious actions by an intervening party or parties, negligence of highway patrol officers responsible for diverting property to another area of the highway. The injury Mr. Allen allegedly sustained did not occur because the highway that was the location of the injury was, in and of itself, dangerous property.

As *State ex rel. City of Marston v. Mann, supra*, explains, "The concept of dangerous condition 'does not include property which is not itself physically defective, but may be the site of injuries as a result of misuse or other intervening act.'" 921 S.W.2d at 103, *quoting Stevenson v. City of St. Louis School Dist.*, 820 S.W.2d 609, 612 (Mo.App.1991). *See also Hedayati v. Helton*, 860 S.W.2d 795, 796 (Mo.App. 1993), and *Johnson v. City of Springfield*, 817 S.W.2d 611 (Mo.App.1991). Mr. Allen's pleadings in the circuit court case

---

**3.** The applicable provision of § 537.600.1(2), RSMo 1994, is the same as the provision of § 537.600.1(2), to which *Alexander* refers.

allege injuries caused by intervening acts of highway patrol troopers engaged in traffic control. The pleadings do not allege facts that reveal the roadway where the injury occurred was physically dangerous.

Peremptory writ in prohibition is ordered issued commanding the respondent judge to take no action with respect to the state in case number 198CC1849, pending in the Circuit Court of Greene County, Missouri, other than entry of judgment dismissing the state as a defendant.

BATES, C.J., and BARNEY, J., concur.