STATE ex rel. Richard HILL, Relator,

v.

The Honorable George
C. BALDRIDGE,
Respondent.

No. SC 86761.

Supreme Court of Missouri,
En Banc.

March 21, 2006.

M. Douglas Harpool, Kristoffer R. Barefield, Peter A. Lee, Richard D. Crites, Springfield, MO, for Relator.

Richard L. Anderson, Branson West, MO, for Respondent.

PER CURIAM.

## Introduction

Richard Hill is the Stone County sheriff. His deputies responded to a telephone call to 911. The deputies entered a home, over objection. An occupant of the home, who allegedly had a rifle, was shot and killed by one of the deputies. Hill was not present at or aware of the incident. After being notified of the death, Hill made arrangements for the highway patrol to investigate the shooting.

The decedent's mother filed a wrongful death suit against the deputy and Hill alleging that Hill was vicariously responsible for the deputy's negligence. Hill sought summary judgment on the basis that vicarious responsibility did not apply to his acts in an official capacity. The trial court overruled the motion. Hill is entitled to summary judgment. The alternative writ is made peremptory.

## Standard of Review

■ *State ex rel. Missouri Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998), sets out the standards for reviewing the trial court action in this case. If the pleadings show that a defendant is immune from suit as a matter of law and the trial court refuses to grant summary judgment, a writ of mandamus is appropriate. This Court reviews the record de novo in the light most favorable to the party against whom judgment is sought.

## Discussion

■ In the underlying suit, the plaintiff asserts that the deputy's actions were taken in the course and scope of, and in furtherance of, his employment by Hill. On this basis, the plaintiff asserts Hill is vicariously liable for the deputy's negligence. It is well-settled law, however, that public officers are not responsible for acts of subordinate officials: (1) if such subordinates are themselves employees of the government; (2) if there is no negligence on the part of such public officials in employing them; and (3) the superior officer has not directed or encouraged or ratified such acts or has personally co-operated therein. *State ex rel. Green v. Neill*, 127 S.W.3d 677, 679 (Mo. banc 2004). The petition does not allege that the deputy is not an employee of the government, that Hill was negligent in hiring the deputy, or that Hill directed, encouraged or ratified the negligent acts or has personally co-operated therein. Similarly, in her response to Hill's motion for summary judgment, the plaintiff conceded that "her theory of recovery ... against ... Hill is respondeat superior ..." but fails to set out any facts showing Hill was negligent in hiring the deputy or that Hill directed, encouraged or ratified the negligent acts or had personally co-operated therein.

■ Even if plaintiff properly pleaded respondeat superior, Hill correctly asserts his official immunity. Public officers acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity. *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). A "ministerial function" is one of a clerical nature that a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the

mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed. *Id.* at 836.

Plaintiff asserts, but did not plead, that her claims all relate to actions or inaction of Hill that "taken together under the circumstances of this case might reasonably lead a jury to a belief that [Hill] intended to affirm and ratify the action of his deputy." To defeat a claim of official immunity, the law requires more. Plaintiff makes no allegation that Hill was required to perform a clerical act in a prescribed manner in obedience to legal authority.

Although invited to do so, the Court declines to abolish or modify the official immunity doctrine. Courts and legal commentators have long agreed that society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business. *Id.* at 836.

### Conclusion

The alternative writ is made peremptory.

WOLFF, C.J., LAURA DENVIR STITH, PRICE, TEITELMAN, LIMBAUGH and RUSSELL, JJ., and KINDER, Sr.J., concur.

WHITE, J., not participating.