

# Missouri Court of Appeals

## Southern District

### Division One

CLESLIE DAVID ALLEN, )
)
    Plaintiff-Appellant, )
)
vs. ) No. SD33843
)
M.W. TRADER and IVIE A. WARREN, ) **Filed: July 28, 2015**
)
    Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Circuit Judge

**AFFIRMED**

Cleslie David Allen ("Plaintiff") appeals from the trial court's entry of summary judgment in favor of Missouri State Highway Patrol Troopers Mark W. Trader ("Trooper Trader") and Ivie Warren ("Trooper Warren") (collectively "Defendants") on Plaintiff's petition for damages arising out of an automobile accident. We disagree with Plaintiff's arguments and affirm the trial court's judgment.

## Standard of Review

"Appellate review of summary judgment is *de novo*." ***Southers v. City of Farmington***, 263 S.W.3d 603, 608 (Mo. banc 2008). "Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." ***Id.*** In conducting this review, the appellate court must view "the record in the light most favorable to the party against whom judgment was entered." ***Id.***

## Factual and Procedural Background

The following recitation of facts is drawn from the parties' statements of uncontroverted material facts, viewed in the light most favorable to the non-moving party. *See **id.*** In 1996, Plaintiff worked as a tow truck driver for Brines Tow Truck Service. On September 2 of that year, there was a two-car accident near the intersection of Highway 13 and Farm Road 94 in Greene County.

Defendants responded to the scene of the accident. One of the vehicles involved in the accident was partially in the roadway blocking traffic. By the time Plaintiff arrived at the accident scene, there were traffic cones in the roadway to direct traffic away from the obstruction.

Upon arriving, Plaintiff spoke with Trooper Trader, asked which vehicle he should take, and then proceeded to load up the vehicle. Then Plaintiff again spoke with Trooper Trader and asked where the accident debris was. Trooper Trader responded that it was near the intersection. Plaintiff told Trooper Trader that he was going to drive up to the next intersection to turn around and then park his truck on the other side of the road. Plaintiff never spoke to Trooper Warren that evening.

Trooper Warren did not believe there was any debris in the roadway that would impede traffic or that needed to be cleaned up. When Trooper Warren saw the tow truck pull away, she ordered some personnel from the fire department to remove the orange traffic cones to get traffic moving.

Plaintiff drove his tow truck around to the other side of the highway as he had explained to Trooper Trader. Plaintiff then got out of his truck and began to sweep debris from the roadway. While he was sweeping up debris, an oncoming car struck Plaintiff.

Plaintiff sued the driver of the oncoming car, Trooper Trader, Trooper Warren, and the State of Missouri, seeking damages for injuries he sustained in the accident. As relevant to this appeal, Plaintiff claimed Defendants were negligent in reopening the roadway while Plaintiff was still working.

On September 23, 2004, the claim against the State of Missouri was dismissed in accordance with a writ issued from this Court. *State ex rel. Nixon v. Westbrooke*, 143 S.W.3d 737 (Mo. App. S.D. 2004). Later, Defendants moved for summary judgment, arguing they were protected by the doctrine of official immunity and by the public duty doctrine.

The trial court granted the motion. In that judgment, the trial court stated as follows:

> The Court grants summary judgment in favor of Defendants . . . because they have official immunity and are protected by the public duty rule, as more fully set forth in the legal memorandum of Defendants filed in support of their Motion. The State of Missouri has sovereign immunity from suit. The claims do not fall within any exception to sovereign immunity under § 537.600, RSMo. These claims do not arise from the operation of a motor vehicle by [Defendants], and does not arise from the dangerous condition of any property of the State of Missouri.

3

Plaintiff thereafter voluntarily dismissed his claim against the driver of the oncoming vehicle, and this appeal followed.

## Point I: Sovereign Immunity

In his first point, Plaintiff argues the trial court erred in granting summary judgment in favor of Defendants because Defendants are not entitled to sovereign immunity. This argument is without merit because it misinterprets the trial court's order.

"We will not convict a trial court of an error it did not commit." ***Hunt v. Hunt***, 65 S.W.3d 572, 577 (Mo. App. S.D. 2002). In the present case, the trial court's analysis of sovereign immunity referred to the State of Missouri only. Its discussion of sovereign immunity simply referred back to the prior dismissal of the claims against the State of Missouri pursuant to this Court's writ in ***State ex rel. Nixon v. Westbrooke***, 143 S.W.3d 737 (Mo. App. S.D. 2004). That is, the trial court did not make the conclusion Plaintiff challenges in this point—that Defendants were protected from suit under the doctrine of sovereign immunity. The judge said they had official immunity. The trial court did not commit the error Plaintiff challenges in his first point so we will not convict the trial court of that error.

Plaintiff's first point is denied.

## Point II: Official Immunity

In his second point, Plaintiff claims the trial court erred in granting summary judgment to Defendants because they were not entitled to official immunity as the challenged actions involved ministerial duties. Plaintiff is incorrect.

4

Official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." **Southers**, 263 S.W.3d at 610. The rationale for this rule is that "society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business." **State ex rel. Hill v. Baldridge**, 186 S.W.3d 258, 260 (Mo. banc 2006).

To determine whether a public employee is entitled to official immunity for an alleged act of negligence, Missouri courts look at whether the act was committed in furtherance of a discretionary duty or a ministerial duty. **Southers**, 263 S.W.3d at 610. This determination is governed by the amount of reason and judgment necessary in performing the act. **Davis v. Lambert-St. Louis Intern. Airport**, 193 S.W.3d 760, 763 (Mo. banc 2006) "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued." **Southers**, 263 S.W.3d at 610. A ministerial act is an act which is clerical in nature and which the officer must complete in a prescribed way when certain prescribed facts occur, without reference to his or her own judgment. **Id.** "To discern whether an act is ministerial or discretionary, the court looks to three factors: (1) the nature of the duties; (2) how much policymaking or professional expertise and judgment the act involves; and (3) the consequences of withholding immunity." **Davis**, 193 S.W.3d at 763.

Based on these general principles, Missouri courts have frequently held that public safety officers are entitled to official immunity with respect to acts undertaken in response to emergencies or accidents. *See, e.g.*, **Southers**, 263 S.W.3d at 619; **Davis**, 193 S.W.3d at 763; **Hill**, 186 S.W.3d at 260; **Green v. Denison**, 738 S.W.2d 861, 865-66 (Mo. banc 1987) (overruled on other grounds by **Davis**, 193 S.W.3d at 763); **Rhea v. Sapp**, No. WD77301, 2015 WL 965918, *5 (Mo. App. W.D. March 3, 2015); **Deuser v. King**, 24 S.W.3d 251, 254 (Mo. App. E.D. 2000); **Costello v. City of Ellisville**, 921 S.W.2d 134, 136-37 (Mo. App. E.D. 1996) (overruled on other grounds by **Davis**, 193 S.W.3d at 763); **Fonseca v. Collins**, 884 S.W.2d 63, 67 (Mo. App. W.D. 1994). Here, determining when it was safe to open the road to traffic after completing the investigation of the first accident was part of Defendants' response to the first accident, so it was a discretionary act for which Defendants are entitled to official immunity.

Plaintiff's argument to the contrary rests primarily on analogies to **Jungerman v. City of Raytown**, 925 S.W.2d 202 (Mo. banc 1996) (abrogated on other grounds by **Southers**, 263 S.W.3d at 610), and **Richardson v. Burrow**, 366 S.W.3d 552 (Mo. App. E.D. 2012). Plaintiff's reliance on those cases is misplaced because neither of those cases involved official responses to traffic accidents. **Jungerman** involved an official's failure to follow a booking procedure in a jail, while **Richardson** involved a paramedic's failure to follow the prescribed procedure for intubating a patient. **Jungerman**, 925 S.W.3d at 206; **Richardson**, 336 S.W.3d at 553-54. Those

6

situations are not sufficiently similar to traffic accidents to provide useful guidance in this case.

The trial court did not err in determining that Defendants were entitled to official immunity under the facts of this case. Plaintiff's second point is denied.

## Point III: Public Duty Doctrine

In his third and final point, Plaintiff claims the trial court erred in granting Defendants summary judgment based on the public duty doctrine. However, because Defendants are entitled to summary judgment on the basis of official immunity, we need not consider whether the public duty doctrine applies in this case. *See Conway v. St. Louis County*, 254 S.W.3d 159, 166 (Mo. App. E.D. 2008).

## Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS